## John W. Stearns and others v. Jeremiah L. Taylor and another.

*Attachment: Personal service.* A service of a copy of the inventory alone is not a sufficient personal service of an attachment under the statute (*Comp. L. 1871,* § *6402*); a copy of the attachment is required also, and the statute must be followed substantially.

*Attachment: Service on property: Foreign county.* Service of an attachment upon property cannot be made in a foreign county until after service has been made in the county where the process issued; service in a foreign county in the first instance cannot be made the basis for proceeding by publication.

*Appearance: Waiver.* Appearance of a defendant in such case to enter dfeault of the plaintiffs for not declaring, does not preclude him, after the default has been set aside under a stipulation that his appearance should not waive any irregularity or defect in the process or proceedings, from making any objection to the proceedings which he could have made on a special appearance to complain of defects.

*Practice in circuit courts: Attachment: Dismissal.* A dismissal of the cause in which such proceedings had been taken, seven months after the return day of the writ, is not error.

*Heard April 8.    Decided April 22.*

Error to Manistee Circuit.

*S. W. Fowler,* for plaintiffs in error.

*Ramsdell & Benedict,* for defendants in error.

GRAVES, J.

The plaintiffs in error caused an attachment to issue in their favor out of the circuit court for the county of Manistee against the defendants in error, and returnable in April, 1872, and tested the preceding November.

The writ seems to have been returned in December, 1871, and the only evidence of service consisted of a certificate by the deputy of the sheriff of the county of Manistee, in these terms:

" STATE OF MICHIGAN, MANISTEE COUNTY, *ss :*

" I do hereby return that by virtue of the annexed writ of attachment, I have this 20th day of November, A. D. 1871, attached the several parcels of land described in an

inventory hereto annexed and herewith returned, all of which property was appraised by William Tollins and G. Sheldon of Mason county, and E. J. Copley and G. Copley of Wexford county, four disinterested freeholders, who were first by me duly sworn to make a true appraisement thereof, and whose appraisement is in writing, signed by themselves, and herewith returned. And I do further return that on the 12th day of December, 1871, I served Jeremiah L. Taylor, one of the within named defendants, with a *copy of an inventory of said property* and certified by me as I am within commanded."

It appeared from the inventory and certificate of appraisal, that the lands seized were all beyond the county of Manistee, part being in Wexford, and the rest in Mason county. No other property was taken, and no service of any kind was made or apparently attempted on the defendant Mehring, nor was any notice published. According to the return, however, as is seen, a copy of the inventory alone, and *unaccompanied by any copy of the attachment,* was served upon Taylor.

At the November term of the court for 1872, the cause was dismissed. The plaintiffs thereupon brought error, and they claim that the record of the cause sent up in answer to the writ of error, and from which the foregoing matters are extracted, shows that the dismissal was erroneous.

We think the sheriff's return did not prove service of the attachment on any one. The statute points out the steps to be taken by the officer in making service, and thereby provides for giving needful information to a defendant. A copy of *the attachment* and inventory, certified by the sheriff, is to be served, and not one without the other. —*Comp. L. 1871,* § *6402.* As this is a regulation as to the mode of bringing a party into court, and is intended for his protection and to enable him take measures for his

27 MICH.—12.

defense, and to free his property from the writ in some of the modes authorized therefor, it cannot be carried out by halves. The service is not complete unless the provision mentioned is substantially followed, and it cannot be said to be substantially followed when nothing is served but a copy of an inventory. The return cannot be made to prove a fact which it does not purport to suggest or certify, and hence there is no chance for contending that it shows that a copy of the attachment was served on Taylor.

While, according to the record then, there was no evidence in the court below of any service of the writ on either defendant, it is pretty plain that the service which was made on property was without effect. The lands seized were in Wexford and Mason counties, and not in Manistee, where the writ issued, and no service was made on property in the latter county.

The law, however, permits a service in a foreign county *only* after service in the county where the process is issued. —*Comp. L. 1871,* § *6402.* There was, therefore, no case for proceeding by publication, and no publication seems to have been attempted. The defendant Mehring did not appear at all, but Taylor did so to take a default against the plaintiffs for not declaring. Subsequently, however, this default was set aside under a stipulation in which it was agreed that his appearance should not waive any irregularity or defect in the process or proceedings. There was nothing, therefore, in his position to preclude any objection to which the proceedings would have been subject on a special appearance to complain of defects. Looking at the record, then, to form our judgment, it would seem that there was no service on either defendant, nor any valid service on property, nor any such appearance as would serve to waive the want of service or exclude objections; that no publication even was attempted, and that the proceedings had become, by reason of defects and omissions, wholly ineffectual, unless invested with new life by some stipula-

tion or waiver of the defendants. · We think, therefore, the court did not err in granting the motion to dismiss.

As no error is shown, the judgment below must be affirmed, with costs.

The other Justices concurred.