101 275
113 114

FRANK McGUIRE v. ROBERT B. McKNIGHT, CIRCUIT
JUDGE OF SAGINAW COUNTY.

*Log-lien law—Attachment—Service—Inventory—Logs in transit.*

1. Where, in an . attachment suit under the log-lien law of 1887
(Act No. 229), the attached property consists of saw-logs afloat
in a stream, no inventory any more full or complete than the
statement in the writ of attachment need be made or served.

2. In such a case the court can take judicial notice of the fact that
it would be impossible to make an accurate inventory, and
the law does not contemplate or require it.

3. In case of the attachment of logs in a drive with others, the
service of the writ amounts to a seizure of all the logs answer-
ing the description in the writ; and as there can be no assort-
ing of the logs, if the provisions of the act are followed, until
they reach the terminus of the drive, a reference in the
memorandum of the sheriff to the quantity of logs must be
taken simply as an estimate of the amount attached.

4. The case of *White v. Prior*, 88 Mich. 647 (where attachment
proceedings under the log-lien law of 1887 were held void for
the reason, among others, that the return of the officer did
not show the service of a certified copy of the inventory of
the property seized upon either the principal defendant or the
owners of the attached property), is not necessarily incon-
sistent with the holding in *Federspiel v. Johnstone*, 87 Mich.
303 (that it is not necessary to serve a certified copy of the
inventory upon a log-owner who is not a defendant in the
suit, but that service upon him is governed by section 6 of
the act, which provides for the service upon *such* a log-owner
of a copy of the attachment on or before the return-day), as
in *White v. Prior* the case does not show that the property
was in transit, or that there was any impediment to the
making of an inventory.

*Mandamus.* Argued June 5, 1894.   Granted June 26,
1894.

Relator applied for *mandamus* to require the respondent

to set aside an order vacating an attachment in a log-lien suit. The facts are stated in the opinion.

*M. J. Connine,* for relator.

*O. E. M'Cutcheon,* for respondent.

MONTGOMERY, J. This is an application for a *mandamus* to require the circuit judge to set aside an order vacating an attachment brought under the log-lien act, on the ground that there was no proper service of the writ upon the principal defendant or upon the log-owners or those in custody of the logs, for the reason that no copy of an inventory was served, as required by the general attachment statute, nor was any made.

The general statute (How. Stat. § 7991) requires a service of the copy of inventory, and in all cases, except under the log-lien law, the failure to make such service is fatal to the lien. *Stearns v. Taylor,* 27 Mich. 88. Section 11 of the log-lien law (3 How. Stat. § 8427*k*) provides:

"All writs of attachment issued under the provisions of this act, by any of the circuit or justice courts of this State, shall be served and returned as ordinary writs of attachment are served and returned in said courts, respectively, except as herein otherwise provided."

It is argued that the other provisions of the statute are inconsistent with the requirement of an inventory in a case like the present, where the logs were at the time of the service afloat in a stream and in transit.

Formerly, under the log-lien law of 1881, it was in terms provided that it should not be necessary to make any inventory or appraisement of the property attached. (How. Stat. § 8422.) This was for some reason omitted from the later act, but section 6 of the act (3 How. Stat. § 8427*f*) provides:

"If the defendant in said attachment is not the owner of the property or products described in said writ, then the officer executing said writ shall serve or cause to be served a copy of said attachment on or before the return-day mentioned in said writ upon the owner of said products, or any of them, their proper agent or attorney."

This section contains the further provision that—

"No sheriff or other officer shall seize upon and detain any such property or products [named in the writ] when in transit from the place where banked or deposited for shipment on the railroad, or for floatage in the stream or streams;   *   *   *   but in case such products are in transit, or are in possession of any booming company or other person or corporation for the purpose of being driven or sorted and delivered to the owners, or to satisfy any statutory lien, then levy and attachment of said property or products may be made by serving a copy of said attachment upon the person or corporation driving or holding the same, who shall, from the time of such service, be deemed to hold the same both on their own behalf and in behalf of said sheriff or other officer to the extent of said attachment lien until the same can be driven and sorted out."

These provisions were somewhat considered in *Federspiel v. Johnstone*, 87 Mich. 303, 305, and it was said, quoting the provision of section 6 relative to service:

"It will be seen that the service of an inventory is not required, or that the copy of the writ shall be certified. This section 6 is the only section, except section 11, relating to the service of the writ, and no especial mode of service is anywhere mentioned to be made upon the defendant in attachment, except in section 6, where it provides that he shall be summoned to appear before said court, at the time and place therein specified, the same as in ordinary writs of attachment in circuit and justices' courts. We are of the opinion that the service mentioned in section 11 is not required in the case of a log-owner who is not the defendant in attachment, and who is notified of the proceedings, so that he may protect his interests in the products attached; and that the notice to be given is the one provided for in section 6."

The case of *White v. Prior*, 88 Mich. 647, is not necessarily inconsistent with the language quoted from the case of *Federspiel v. Johnstone*, as in *White v. Prior* the case does not show that the property was in transit, or that there was any impediment to the making of an inventory.

We think it would render the provisions of section 8427*f* nugatory if it should be held that an inventory any more full or complete than the statement in the writ should be required. The purpose of the provisions of this section is to avoid the necessity of taking possession of the property by the sheriff in case of logs afloat in a stream in a mass with other logs. The court can take judicial notice of the fact that it would be impossible to make an accurate inventory, and we think the law does not contemplate or require it.

But it may be urged that, as the return shows that the officer seized a certain number of logs contained in a certain drive, he might have inventoried them in this manner, and that the levy which he in fact made indicates that he did not seize all of the logs. We think it was the intention in the case of logs in a drive with others that the service of the writ should amount to a seizure of all the logs. No other construction can be placed upon section 6. There can be no specific levy upon any other than all the logs answering the description. As before pointed out, there could be no sorting of the logs, if the provisions of this act were followed, until they reached the terminus of the drive. In this view the reference to the quantity in the memorandum of the sheriff must be taken simply as an estimate.

We think the circuit judge erred in dismissing the proceedings, and the writ will be granted to reinstate them.

The other Justices concurred.