SHERIDAN *v.* COLTON.

Log-Lien Proceedings—Service and Return—Inventory.

It is essential to the validity of attachment proceedings under the log-lien law (Act No. 229, Pub. Acts 1887), where the property attached was not in transit, that it appear from the officer's return that a copy of the inventory was served upon the principal defendant.

Error to Montmorency; Kelley, J. Submitted April 27, 1897. Decided May 25, 1897.

Attachment proceedings in justice's court under the log-lien law, by Thomas Sheridan against Benjamin Colton. There was a judgment for plaintiff, which was reversed in the circuit court on *certiorari.* Plaintiff brings error. Affirmed.

*James Francis,* for appellant.

*Henry K. Gustin,* for appellee.

Long, C. J. This action was brought in justice's court under Act No. 229, Pub. Acts 1887. The attachment was issued April 6, 1895, by the justice, whose office was in Montmorency county, and directed the officer to seize about 14,000 pieces of cedar ties, paving, and posts banked on Gilchrist creek. The writ further directed the officer to summon Benjamin Colton to be and appear before the justice on April 17th at 4 p. m., to answer the plaintiff, etc.; and, further, that in case the defendant in the writ was not the owner of the cedar posts, etc., he was to serve the writ upon the owner, his agent or attorney, if found within the State. It appears that the plaintiff, on April 6, 1895, filed in the office of the county clerk of Montmorency county a statement of his claim of lien upon the property described in the writ for labor per-

formed by him in cutting, skidding, hauling, and banking the cedar posts, etc., in question, and showing that the last day's labor was performed on April 5, 1895. The affidavit for the writ of attachment and the writ itself are in due form. The officer made return to the writ on the return day. The return states that, on the 8th day of April, he seized and took into his possession 2,000 cedar ties and 400 pieces of paving, and he then certifies that—

"I served a certified copy of said writ on William Bates, the foreman of the drive on Gilchrist creek, in Montmorency county, who was then and there engaged in driving said ties and posts; that on the 11th day of April, 1895, I served the said writ by delivering to him a copy thereof, duly certified to by me, on Benjamin Colton, the within-named defendant, by delivering to him, at the city of Alpena, Alpena county, a copy of said writ, duly certified by me, and showing him the original; and that on the said 11th day of April, 1895, I served a copy of said writ on Granville S. Fowler, to me known to be the agent of the owner of said ties and posts, and said service was made in Alpena township, of Alpena county, Michigan."

On the return day the defendant, Benjamin Colton, and the owner of the ties, posts, etc., Mr. Edward E. Ayer, appeared specially by their attorney, who filed a plea in abatement, asking the suit to be quashed, because Benjamin Colton was a resident of Alpena county, and Mr. Ayer a resident of the city of Chicago, and the justice acquired no jurisdiction over the ties and posts, and that the officer had no authority to serve the papers, that no papers were served upon Mr. Ayer, and that no service was made in accordance with law. This motion was overruled, and the cause proceeded to trial before the justice, who entered judgment in favor of plaintiff and against the defendant of $73 damages and $11.15 costs of suit. The defendant removed the case to the circuit court by *certiorari*, where the judgment was reversed. Plaintiff brings error.

It is contended that the justice did not acquire jurisdiction because no copy of the inventory was served upon the defendant with a copy of the writ of attachment. The officer's return does not show that such inventory was served, though one was made. The question was raised in *Federspiel* v. *Johnstone*, 87 Mich. 303, and it was there said:

"We are of the opinion that the service mentioned in section 11 is not required in the case of a log owner who is not the defendant in attachment, and who is notified of the proceedings so that he may protect his interests in the product attached, and that the notice to be given is the one provided for in section 6."

This question was raised again in *McGuire* v. *McKnight*, 101 Mich. 275; but in that case, as in *Federspiel* v. *Johnstone, supra*, the logs were in transit, and hence no inventory could be made. The question was also before us in *White* v. *Prior*, 88 Mich. 647, and there it was held that the proceedings were void, as the return to the writ did not show that the officer served a certified copy of the inventory of the property seized upon either the principal defendant or the owner of the property. In the present case the property was not in transit. An inventory had been made, but no copy was served upon either the principal defendant or the owner of the property. As this must dispose of the case, we need not discuss the other questions raised.

The judgment of the court below must be affirmed.

The other Justices concurred.