## William H. Withington and others v. Roscius South-worth and others.

*Certiorari: Justice of the peace: Attachment.* A common-law *certiorari* to a justice of the peace will lie to bring to this court for review, a case commenced by attachment, where no personal service is had and no appearance entered, and where the defendants had no notice of the proceedings, until after the statutory remedy was gone.

*Attachment: Return: Service: Jurisdiction.* A justice's writ of attachment cannot be returned not found, until the last day for serving the same personally, has expired; it is the duty of the officer to make personal service when he can, and the jurisdiction to take any subsequent proceedings depends upon a proper return of a diligent attempt to get service.

*Certiorari: Garnishee proceedings: Principal judgment.* A separate writ is necessary to bring up for review an ancillary proceeding by garnishment; but such proceedings will fall to the ground when the judgment in the principal case is set aside.

*Submitted on briefs January 7. Decided January 14.*

*Certiorari* to Cephas B. Dresser, a justice of the peace of Hillsdale county.

*Gibson & Wolcott,* for plaintiffs in *certiorari.*

*E. L. & M. B. Koon,* for defendants in *certiorari.*

COOLEY, J.

This case is brought to this court on *certiorari* to a justice of the peace of Hillsdale county. The proceeding before the justice, was by attachment, and the plaintiffs in error were not personally served, and did not appear in the case. A preliminary objection is taken, that the plaintiffs in error have mistaken their remedy, and that they should have removed the case to the circuit court by one of the modes provided by the statute.

Had the parties been served, or appeared in the court below, there would be force in the objection; but where they are not served, and may not have known or heard of the proceedings, until the short time allowed by the stat-

·ute for taking the case to the circuit court had elapsed, it would operate in many cases, as a denial of justice, if we were to withhold the common-law remedy in this court. The present, so far as we are advised, is one of those cases. The statutory remedy was gone, before this court was applied to, and the record shows no notice to the plaintiffs in error of the proceedings below, and no motion has been made to dismiss the case on any showing that they were aware of what was taking place, at any time before they moved in the case here. As the case stands, therefore, we cannot say that the writ was improvidently allowed. ·

Several objections are taken to the proceedings before the justice, but as one of them is fatal, we shall not consider the others. The writ of attachment was prematurely returned. It was returnable on the 20th day of July, 1870, and might have been served on any day prior to the 15th. It was the duty of the officer to serve it personally if the defendants therein could be found, and the jurisdiction to take any subsequent proceedings in the case, depended upon a proper return of a diligent attempt to make such service. Such a return could not have been made until the time had expired for making service. The case of an execution, upon the return of which a creditor's bill is to be filed, is strictly analogous, and it has always been held in this state, that the return for this purpose could not be made before the return day.—*Stafford v. Hulbert, Har. Ch., 485; Smith v. Thompson, Walk. Ch., 1.* As the return in this case was made on the 12th day of July, while two ·days remained in which it was the officer's duty to make service if practicable, it follows that the proceedings must be reversed, with costs of this court.

The writ in this case, brought up the proceedings in an ancillary proceeding by garnishment. We think if those were to be reviewed, a separate writ should have been sued

out. It is not important, however, as those proceedings must fall to the ground when the judgment in the principal case is set aside.

The other Justices concurred.