# JULY TERM, 1874.

## (CONTINUED FROM VOL. XXIX.)

———◆———

## John Bigalow v. Corvis M. Barre.

*Justice's judgment: Certiorari: Reversal: Practice.* Where a justice's judgment has been reversed in the circuit on *certiorari*, and the cause is brought up on error, if any of the objections taken to the proceedings before the justice were such as to warrant the judgment of reversal, the plaintiff in error cannot prevail.

*Irregularities: Collateral attack: Jurisdiction: Evidence.* Mere irregularities or errors will not justify the rejection of a collateral judgment offered in evidence; but to warrant such rejection the defects must be such as to render the judgment jurisdictionally invalid.

*Garnishee proceedings: Judgment: Waiver: Jurisdiction.* Where, after judgment against the principal defendant, a garnishee defendant, on the return day of the garnishee summons, appears with the plaintiff before the justice and makes and subscribes on the docket a statement that he is indebted in a specified sum to the principal defendant, and authorizes the justice to enter judgment against him, the judgment against such garnishee, entered at once on the footing of such statement, is held not invalid for want of declaration, second process, and proofs; such garnishee defendant, by taking this course, in effect waives declaration, second process and proofs, and precludes himself from asserting in a collateral suit that the judgment is void for want of them.

*Irregularities: Jurisdiction: Judgment.* The fact that the judgment in such case slightly exceeded the sum named in the statement of such garnishee defendant, does not render the judgment void; this is something to be set right on error or appeal, and is not a jurisdictional fault.

*Execution: Renewal.* Under our statute (*Comp. L.*, § 5410) an execution on a justice's judgment may be renewed, after having been returned unsatisfied, at any time when a new one could be lawfully issued; and the renewed writ will have the same force for sixty days succeeding the renewal, that a new writ would have.

*Submitted on briefs July 9. Decided July 14.*

Error to Hillsdale Circuit.

*M. B. Koon* and *A. St. John*, for plaintiff in error.

*C. C. Parker*, for defendant in error.

GRAVES, CH. J.

The plaintiff in error brought replevin against the defendant before a justice, for a quantity of lumber, and the defendant set up in defense that he took the lumber as deputy sheriff, on an execution issued on a justice's judgment against Bigalow as garnishee of one Adam Howder. The justice gave judgment in the replevin suit in favor of Bigalow, and Barre then removed the cause by *certiorari* to the circuit court, where the judgment was reversed, and the lumber ordered to be returned. Thereupon Bigalow brought error to reverse this judgment of the circuit court.

If any of the objections taken to the proceedings before the justice were such as to warrant the judgment of reversal in the court below, the plaintiff in error cannot prevail, and we have therefore to consider whether the record discloses any ground of that kind. The main point depends on the rejection of two items of proof offered by defendant in error on the trial before the justice: *First,* the docket entry of the garnishee judgment; and *second,* the execution. It is claimed that the garnishee judgment was jurisdictionally invalid as against Bigalow. If that ground should be considered tenable, it would follow that the docket and execution were rightly excluded. If, however, the proceeding was merely irregular or erroneous, the rejection was wrong. It appears from the proof offered by Barre that Skinner, the plaintiff in the garnishee suit, had recovered judgment against his debtor, Howder, about a year before the garnishee proceeding was commenced against Bigalow, as Howder's debtor, and hence that the indebtedness of the principal debtor, and which gave occasion to the institution of the garnishee suit, was an indebtedness under an existing judgment when the garnishee suit against Bigalow was commenced. And the docket entry of this garnishee suit, offered in evidence by Barre, shows that on the return day of the garnishee summons, Skinner, the plaintiff therein, and Bigalow, the garnishee, personally appeared before the

justice, and that Bigalow then made and subscribed on the docket a statement that he was indebted to Skinner as garnishee of Howder, and authorized the justice to enter judgment against him; and it further appears that the justice, on the footing of this statement, immediately gave judgment.

The offered proof imports that the justice obtained jurisdiction of the parties and had jurisdiction of the subject matter, and no such defect is discovered in the proceedings as would allow Bigalow to treat them as void.

He insists that, inasmuch as there was no declaration filed against him, or any second process to show cause, or any proof made of indebtedness, the judgment was invalid, as against him. But I think this is not so. The indebtedness of Howder to Skinner was already definitely fixed by judgment, and Bigalow explicitly admitted his indebtedness to Howder, and his liability as garnishee, and authorized the entry of judgment. He in effect waived declaration, second process and proofs, and as it appears to me, precluded himself from claiming that the judgment was void on the grounds suggested.

The judgment would seem to have slightly exceeded the sum named in Bigalow's statement, but if there was any thing improper in this, it was not, I think, a jurisdictional fault. It was something to be set right on error or appeal.

The execution was originally issued on the eleventh day of February, and was returned on the eleventh day of the succeeding April, wholly unsatisfied. Three days afterwards the justice renewed it for sixty days, and the seizure was made on the renewed writ.

The plaintiff claims that no renewal was proper after the expiration of the writ, and hence that the execution, as it was when the levy was made, was not of force for service. But I think this is not the correct construction of the statute in regard to renewals. When an execution is returned wholly or in part unsatisfied, the law allows the

plaintiff to take a new execution, or have a renewal of the old one, and if the old one is renewed, the justice is required to give the true date of the renewal, and to endorse the sum remaining due, if any part has been satisfied.— *Comp. L.*, § *5410.* The apparent design of the law is to allow the old execution to be renewed whenever a new one could be rightly issued, and to give the same force to the renewed writ for the sixty days succeeding the renewal, that a a new writ would have.

I am, therefore, of opinion that the objections to the garnishee judgment and execution were not well founded, and if correct in this, it follows that the judgment of the court below was right, and should be affirmed, with costs.

The other Justices concurred.