Nicolls v. Lawrence.

# William Nicolls v. David G. Lawrence; Same v. John D. Chandler; Same v. Edward Buckley and another; and William Nicolls and another v. Patrick Rooney and another.

*Commencing suit by attachment: Return of service: Service on agents: Personal service: Jurisdiction.* Under our statute (*Comp. L. 1871,* § *5275*) requiring service of attachment upon the defendant if he can be found within the county, a return of service which shows only a service on the date of the writ upon the persons in whose possession the officer found the property, with the bare recital, "the defendant not having any last place of residence within the county," but which is silent as to whether the defendant was or could not be found, and as to any attempt to find him, gives no jurisdiction to the justice to try the cause or to render judgment, where the defendant fails to appear.

*Affidavit for attachment construed: Statement of indebtedness.* An affidavit for an attachment which states positively the fact of the indebtedness, and the amount "as near as deponent can estimate the same," is held sufficient, though made by an agent of the plaintiff; the affiant must be understood as speaking from his own knowledge as to the fact of indebtedness; and the qualifying clause must be construed as limiting only the statement of the exact amount thereof; and this the statute permits to be thus stated.

*Attachment: Affidavit: Allegation that indebtedness is due.* Such an affidavit, which states that "there is justly due" to the plaintiff a specified sum, as near as deponent can estimate the same, is not open to the objection that it contains no allegation that the indebtedness sworn to is due.

*Attachment: Affidavit: Good reason to believe, etc.* Such an affidavit, which states that the defendant, "as this deponent has good reason to believe, has disposed of his property," etc., is sufficiently positive in its allegation that the affiant has good reason to believe the facts stated.

*Certiorari: Return: Statement of facts.* Where the justice, in his return to a writ of *certiorari* to bring up for review his proceedings in attachment suits, states that the officer's return of service of the attachment was not in fact made until the return day, the fact that such return of service was not dated, or that the justice had erroneously entered in his docket a minute that the writ was returned on a different day, will be disregarded.

*Justice's courts: Correcting record after the issue of certiorari.* Whether a justice, after the allowance of a writ of *certiorari*, has authority, upon motion, to change the entry upon his docket so as to make it show the true date of the return of service, or to permit the officer who has omitted to date his return, to affix to it the correct date:—*Quære?*

*Attachment: Service on agents: Personal service.* An officer who has attached property and served copies of the writ and inventory upon the persons in whose possession the property was found is not thereby precluded from afterwards serving the writ upon the defendant if found within the county at any time within six days prior to the return day.

*Heard October 7. Decided October 27.*

*Certiorari* to Justice of the Peace.

These four cases were argued together.

*Atkinson, Hawley & Atkinson,* for plaintiff in *certiorari.*

*Ewell & Wing* and *Fitch & Newcomb,* for defendants in *certiorari.*

CHRISTIANCY, J.

These several cases, in which the questions raised are similar, were cases commenced before a justice by attachment, and judgment was rendered in each for the plaintiffs (defendants here) and against the defendants (who are plaintiffs here). The defendants below severally bring them to this court by common-law *certiorari.*

In the first two cases, though several other points are raised, one point only need be noticed, which is precisely the same in both cases.

The writ of attachment, in the first case, was issued on the 8th of October, 1873, returnable on the 17th of the same month; in the second, the writ was issued on the 7th, returnable on the 14th of October. Each, as appears by the return of the deputy sheriff who served it, was served on the day of its date, by the taking of property; and, in each case, the officer returns that on the same day he served a copy of the writ of attachment, and of the inventory, duly certified by him, upon the persons with whom he found the property, naming them, and then adds, "the defendant not having any last place of residence within the county." There is no statement in the return that the defendant was not found, or that he was unable to find him within the county, or that he had made any attempt to find him, or to serve the writ upon him; in fact, this return states the fact of the defendants having no last place of residence in the county, as the only reason for resorting to the substituted service upon the persons in whose possession the property was found; and, for aught that appears, the officer may have known the defendants

to be in the county, and that service could have been made upon them. Such a return, the defendants not having appeared, could give no jurisdiction to the justice of this extraordinary proceeding by attachment under our statute, *Comp. L. (of 1871)* § *5275,* which requires the officer to serve a copy of the writ and inventory upon the defendant, if he can be found within the county, and only allows service upon the person in whose possession the property is found, when the defendant cannot be found in the county, or when he has no last place of residence in the county.

In neither of these two cases, therefore, did the justice obtain jurisdiction to try the cause, or render the judgment. And the judgments must be respectively reversed and set aside, with costs to the plaintiff in *certiorari.*

In the third and fourth cases, above mentioned, the return of the service by the officer is unobjectionable as to the particular point in which the return was defective in the other cases, both expressly stating that the defendants were not to be found in the county; that they had no last place of residence therein, and that the officer had left a copy of the writ, and of the inventory, with the persons (naming them) in whose possession the property was found. But other objections are taken.

In the third case, it is claimed that the affidavit for attachment is deficient, being made by an agent of the plaintiffs in attachment, and not stating with sufficient certainty that he knows the fact or amount of the indebtedness. The affidavit states, however, "that there is justly due to the plaintiffs" (naming them), "from said William Nicolls, the sum of thirty-nine and seventy-seven one-hundredths dollars, as near as this deponent can estimate the same;" and, in the fourth case, the affidavit, made by one of the plaintiffs himself, states the fact and amount of indebtedness in the same way.

When the affidavit, though made by an agent, states positively the fact of the indebtedness, we must, we think, in the absence of any thing appearing to the contrary, understand the affiant as speaking from his own knowledge.

This, therefore, places the two affidavits (in the third and fourth cases) on the same footing in this respect; and we are next to inquire whether the clause, "as near as deponent can estimate the same," is to be understood as qualifying the positive statement of the indebtedness. We do not think that this would be a fair and natural construction of the affidavit, which, we think, fairly ·construed, asserts positively the fact of the indebtedness; and the clause in question must be understood as qualifying only the exact *amount* of the indebtedness stated; and this, we think, the statute permits to be stated in this manner. The statute (*Comp. L.*, § *5266*) only requires the affidavit to specify the amount "as near as may be;" and, from the nature of the case, it is easy to see that in many, if not in most cases, it would be difficult, if not impossible, to state the precise amount with positive certainty. The affidavits in these two cases must, therefore, be held sufficient in this respect.

It is further objected that the affidavits in these two cases contain no allegation that the indebtedness *sworn to* is due. But the affidavit in express terms declared in each case that "there is justly due" (to the plaintiffs named) "the sum of," etc., and then stating the sum, as already noticed, we therefore see no force in this objection.

It is objected, also, that the affidavits no not allege positively that the affiant has good reason to believe that defendant has disposed of his property, etc. The language, referring to defendant, is, "as this deponent has good reason to believe, has disposed of his property, with the intent," etc. We think this is a sufficient compliance with the statute, which requires the affiant to state "that he has good reason to believe" the facts stated.

But it is further insisted that the writ in each of these cases was prematurely returned. It seems that in one of these cases the officer's return was not dated; in the other it is dated on the return day.

But the justice returns positively that the return was not, in either case, actually made, or the writ returned to him, until the return day mentioned in the writ. It appears,

however, by the justice's return, that in one of these cases, he had originally entered upon his docket, by mistake, that the writ was returned on the 29th of September, which was the day of its date. In the other case (in which the officer's return was not dated), the original entry upon the docket did not show the date of return. In each of these cases, ten days after the allowance of the writ of *certiorari*, the plaintiffs below, upon notice given to the defendants, moved before the justice to correct the entry upon the docket, so as to show the true date of return, and to allow the officer correctly to date his return in the case where it had not been dated. These motions were granted, and the docket so corrected, and the return dated.

It is insisted that the justice had no authority to make or allow the amendments. But I do not think it necessary to decide this question, which might admit of some doubt. It is, I think, sufficient that the justice, in his return to the *certiorari*, states the fact that the writs were returned on the return day mentioned therein, and not before. The errors, therefore, or defects, which might have previously appeared upon the docket, or the omission of the officer to date his return, should be regarded as merely clerical; and, upon this return of the justice, should be disregarded.

And as the fact that the officer had attached the property, and left a copy of the writ and inventory with the persons in whose possession the property was found, would in no way prevent his serving the writs upon the defendants, if found within the county, at any time within six days of the return day, and he returns, in each case, that the defendants were not to be found in the county, and had no last place of residence therein, I think the justice obtained jurisdiction of these two cases (the third and the fourth), and that the writs of *certiorari* in these cases should be quashed, and the judgments affirmed, with costs.

The other Justices concurred.