## FLORENCE BROWN v. LUTHER WILLIAMS.

*Attachment—Substituted service.*

Return of substituted service will not give a justice jurisdiction to proceed in attachment if it does not appear that diligent search was made for the defendant until the time allowed by law for making personal service had expired.

Certiorari to justice of the peace to bring up proceedings in attachment in which the plaintiff Williams recovered judgment. Submitted November 1. Decided November 21.

*Oscar T. Tuthill* for plaintiff in certiorari.

*Brown, Howard & Roos* for defendant in certiorari.

COOLEY, J. Williams on the eighth day of March, 1877, commenced suit in attachment against Brown before a justice of the peace. The writ was made returnable March 17, 1877. The constable to whom it was delivered made return as follows: "By virtue of the within attachment, I, Wm. F. Montague, on the 8th of March, 1877, seized the goods and chattels of the defendant mentioned in an inventory [attached], and on the same day, because the defendant could not be found in the

county of Kalamazoo, I left a copy of the within attachment and of the said inventory, duly certified by me, at the last place of residence of said defendant in said county of Kalamazoo, with Stephen H. Wattles in whose possession I found the said goods and chattels." Brown did not appear in the case, and the justice rendered judgment for the plaintiff.

It will appear by the foregoing return that no effort was made by the constable to make service on the defendant after the eighth day of March, 1877, and it is consistent with his certificate that Williams might have been found in the county, and personal service made upon him on any subsequent day. The statute requires personal service to be made at least six days before the return of the writ (Comp. L., § 5275); and it might therefore have been made on or before March 11th. We have repeatedly decided that if the officer fails to show by his return that he retained the writ in his hands and made diligent search for the defendant during the time within which personal service might by law have been made, his return of substituted service is insufficient to confer jurisdiction upon the justice to proceed further with the case. *Withington v. Southworth*, 26 Mich., 381; *Nicolls v. Lawrence*, 30 Mich., 395; *Town v. Tabor*, 34 Mich., 262. The case is governed by these decisions and the judgment must be reversed with costs.

We have taken no notice here of an amendment of the return, to which some attention was given on the argument, as it in no manner affects the point on which the case must turn.

The other Justices concurred.