IRON CLIFFS COMPANY v. EDWARD LAHAIS.

*Garnishment—Service of summons—Jurisdiction.*

1. Garnishment proceedings are special and statutory, give a harsh and peculiar remedy and ought not to be resorted to when redress can be had at common-law. But when taken, the statutory requirements are to be strictly followed.

2. Jurisdiction of a personal action begun by summons against an absent defendant cannot rest upon a service made only by copy at defendant's last place of residence several days before the return day or an adjourned day.

3. Judgment cannot be rendered against a garnishee until he has been summoned to show cause to the contrary, or has consented in person or by attorney.

4. A disclosure in garnishment before jurisdiction of the principal case has been obtained, is of no force, and the subsequent appearance of the principal defendant does not cure it.

5. Garnishment proceedings are ancillary to the principal case, and if that is defective, go down with it.

6. Replevin lies for property seized upon an execution issued in void garnishment proceedings.

Error to Marquette.  (Grant, J.)   Jan. 10.—Jan. 15.

REPLEVIN.   Plaintiff brings error.   Reversed.

*W. P. Healy* for appellant.

*G. W. Hayden* for appellee.

SHERWOOD, J.   In this case it appears that in 1882 the plaintiff owed one Alfred Brunette about the sum of $1084.82.   Brunette absconded February 2, 1882, leaving creditors.   Defendant, being one of his creditors, on the 27th day of February, 1882, commenced suit by summons returnable March 8, 1882 before Byron D. Jones, a justice of the peace at Negaunee, to recover a claim against Brunette of $25.70.   This summons was served by leaving a copy at Brunette's last place of residence the same day,

it being nine days before the return-day. No personal service was made. On the return-day another summons in continuation of the suit was issued by the justice, returnable on the 18th day of March, 1882, and was served on the 14th day of March, four days before the return-day thereof, by leaving a copy as before. No personal service of this summons was had.

On the 18th day of March the defendant took out a writ of attachment against Brunette in continuance of his suit, as he claimed, which was made returnable the 25th of March. The attachment was served on the return-day by leaving a copy at Brunette's last place of residence. No personal service was had of the writ, nor was it levied upon any property.

On the return-day of the attachment the defendant Lahais caused the suit to be adjourned until the 24th of April, 1882; and on the adjourned day, M. H. Crocker, an attorney, appeared for Brunette before the magistrate, and judgment was rendered in favor of Lahais for $35.70 damages, and $6.50 costs of suit.

At the time of the commencement of the principal suit on the 27th day of February, 1882, garnishee proceedings were commenced against the plaintiff. A summons was issued at the suit of the defendant, returnable on the 8th day of March following, and was served on the cashier of the plaintiff.

On the return-day of the summons Ira A. Clark, a surveyor and wood and timber agent in the employ of the plaintiff, appeared and assumed to make a disclosure on its behalf. The garnishee proceeding was then, on motion of the defendant Lahais, continued until March 18. At this time there was no appearance for the plaintiff company.

The case was then adjourned until the 25th of March. No one then appeared for the company, and again on motion of Lahais, the proceedings were continued till April 24, 1882, at which time said Clark again appeared, being still in the employ of the company as such surveyor and agent, and again assumed to make another disclosure on behalf of

the company. Thereupon the justice, without further summoning the company or taking any other proceedings, rendered judgment against the company as such garnishee of the said Brunette for $42.20 damages and costs. No appearance on the part of the company in any of these proceedings is claimed except that by Clark above stated.

Execution was issued upon the judgment thus rendered and levied upon certain property of the plaintiff to satisfy the same, on the 21st day of July, 1882, and the plaintiff brought replevin for the goods seized upon the execution. Trial was had before a justice, and judgment rendered October 14, 1882, for the defendant. On appeal to the circuit court for the county of Marquette on the 13th of August, 1883, a trial was had before the circuit judge without a jury, and judgment again given for the defendant, and the case is now before us for review on bill of exceptions containing all the testimony and findings of law and fact by the circuit judge.

All the proceedings in this case are special and statutory, and must be strictly construed. To entitle the defendant to the benefit he claims under them, he must show they are clearly within the provisions of the statute. Statutes of garnishment at best give a "harsh and peculiar remedy," and ought not to be resorted to when the redress sought may be obtained through common-law proceedings. *Thurston v. Prentiss*, 1 Mich. 194; *Maynards v. Cornwell* 3 Mich. 309; *Sievers v. Woodburn Sarven Wheel Co.* 43 Mich. 275; *Weimeister v. Manville* 44 Mich. 408.

The plaintiff must have a judgment against the principal defendant, or have commenced a suit against such principal defendant upon contract express or implied, or upon a judgment, before he can have process against a garnishee (How. St. § 8031); and before any judgment can be rendered against the garnishee he must have obtained judgment against the principal defendant (Id. § 8037;) and after judgment has been obtained against the principal defendant the garnishee is still entitled to his day in court to

show cause, if he can, why judgment should not be rendered against him, and if he does not voluntarily appear and permit judgment to be taken against him, he must be brought in by summons from the justice.    How. St. § 8038.

The record in this case shows that judgment was rendered against the plaintiff without its ever having been summoned to show cause against such proceedings and without any consent from it or its attorney.    There is no warrant in the law for such action by the court.

It further appears from the record in this case that there was not any legal service, actual or substituted, of the process in the principal case.  Clearly there was no legal service of any kind of either summons against the principal defendant.  The only attempt at service, as returned by the officers, was by copy, and made several days before the return-day in the one case, and the adjourned day in the other.  This rendered the proceeding void, and gave the court no jurisdiction of the principal defendant. *Smith v. Thompson* Walk. Ch. 1; *Stafford v. Hulbert* Har. Ch. 435; *King v. Harrington* 14 Mich. 532–541; *Nicolls v. Lawrence* 30 Mich. 395; *Town v. Tabor* 34 Mich. 262; *Withington v. Southworth* 26 Mich. 381.

Whatever may have been the effect of the appearance of the principal defendant, as between him and the plaintiff in that suit, it is very certain such appearance could not have the effect to revive any void proceeding preceding it.  At the time Clark made his disclosure Lahais had no valid legal proceedings pending against Brunette.   On the return-day of the first summons against him no service of the process had been made, and the suit thus commenced went down for the want of jurisdiction in the court to continue it by issuing further process.

The garnishee proceedings, being merely ancillary, went down with it and for the same reason. *Laidlaw v. Morrow* 44 Mich. 547.   Such being the case the execution cannot be sustained upon which the property replevied was taken, and the plaintiffs should have had judgment at the circuit. *Bigalow v. Barre* 30 Mich. 1.

The previous decisions of this Court are sufficient to determine all the questions raised upon this record, and their further discussion is unnecessary.

The judgment of the circuit court must be reversed with costs of all the courts and a new judgment entered for the plaintiff.

The other Justices concurred.