TUNNINGLY *v.* BUTCHER.

1. Justices' Courts—Attachment—Service.
    Under section 6840, 2 How. Stat., providing that a justice's attachment shall be executed at least six days before the return thereof by seizing goods of the defendant, making an inventory thereof, and serving a copy of the attachment and inventory upon the defendant if he can be found within the county, and section 6841, authorizing substituted service if the defendant cannot be so found, the service, whether personal or substituted, must be made at least six days before the return day of the writ.

2. Justices' Courts—Appearance—Waiver of Defective Service.
    A justice's docket which shows that the parties appeared upon the return day of the writ, and that by consent the suit

was adjourned "without pleadings or prejudice to either party," does not establish a waiver by defendant of a defect in the service of process.

3. EXEMPTIONS—PRINCIPAL BUSINESS OF DEBTOR—COLT OWNED BY FARMER.

A two-year-old halter-broken colt, kept by a farmer with reference to its use for farming purposes, may be claimed as exempt under 2 How. Stat. § 7686, subd. 8, giving an exemption to enable one to carry on the business in which he is wholly or principally engaged.

4. TROVER—SEIZURE UNDER VOID EXECUTION—ACTION BY WIFE OF DEBTOR—POSSESSION—EXEMPTIONS—INSTRUCTIONS TO JURY.

In trover for property seized on a void execution against plaintiff's husband, it was *held* that the jury were properly instructed that plaintiff was entitled to recover if the property was in her possession at the time of the seizure, or if she owned the same, or if it belonged to her husband and was exempt from execution, there being evidence to support the several theories.

Error to Genesee; Wisner, J. Submitted June 4, 1895. Decided July 2, 1895.

Trover by Jennette L. Tunningly against George W. Butcher. From a judgment for plaintiff, defendant brings error. Affirmed.

*Henry C. VanAtta*, for appellant.

*A. L. Chandler*, for appellee.

McGRATH, C. J. Plaintiff, who is the wife of George B. Tunningly, brings trover for the value of a halter-broken two-year-old colt seized by defendant, a constable, upon an execution against George B. Tunningly in a suit commenced by attachment.

The court properly held that the attachment proceedings were void. The writ was executed by seizing the property on the 19th day of May, 1892, and leaving a copy of the attachment and inventory at the last place of residence of the defendant on the 24th day of May, 1892. The writ was returnable May 28, 1892. The statutes provide

that the constable shall execute the writ at least six days before the return thereof, by seizing goods and chattels sufficient to satisfy the demand and costs, making an inventory thereof, and serving a copy of the attachment and inventory upon the defendant, if he can be found within the county; that, if he cannot be found within the county, the constable shall leave a copy of the attachment and inventory at the last place of residence of the defendant. 2 How. Stat. §§ 6840, 6841. Under the statute, whether the service be personal or substituted, it must be made at least six days before the return day thereof.

It was claimed, however, that the justice's docket showed that the defendant had appeared in the attachment proceeding. The docket entry was as follows:

"May 28, 1892, at 10 o'clock in the forenoon, suit called. Parties present, and answer to suit by their attorneys,—Henry C. Van Atta for the plaintiff, Chandler & Teegal for the defendant; and by mutual consent of parties the above suit was adjourned, without pleadings or prejudice to either party, until the 15th day of June, 1892, at 10 o'clock a. m.

"June 15, 1892, at 10 o'clock in the forenoon, suit called. Plaintiff appears, and answers to suit. Defendant appears, not in answer to suit, but for the purpose of filing an objection in writing, and on file with the court. Plaintiff declares," etc.

It cannot be said that this was such an appearance on May 28th as waived the defect in the service of process. The evident purpose of the language, "without prejudice," was to save the right to raise the question as to the defect in the service.

George B. Tunningly was a farmer, and was at that time absent from home, preparing to homestead a piece of land. The colt and another were kept with reference to their use for farming purposes. Plaintiff claimed that this colt was her individual property. The trial court instructed the jury as to what property was exempt under the statute; that after levy it was the duty of the officer

to give an opportunity to claim the statutory exemption; that this had not been done; that if they found that the property seized was the property of the husband, but was exempt, they should find for plaintiff; that in such case the statute (2 How. Stat. § 6297) gave the wife the right to maintain the action; that if the colt was in her possession, or if it was her property, she was entitled to recover.

There was no error in these instructions, and the judgment is affirmed.

The other Justices concurred.