BARGH *v.* L. R. ERMELING & CO.

JUSTICES OF THE PEACE—ATTACHMENT—SUBSTITUTED SERVICE.

Substituted service of an attachment under 3 How. Stat. § 6841, is insufficient to confer jurisdiction upon the justice, where the officer's return fails to show that he retained the writ in his hands, and made diligent search for the defendant, during all of the time within which personal service might lawfully have been made. So *held* where the return to a writ issued on June 25th, returnable July 2d, and served upon garnishee defendants on the *teste* day, showed that the officer "had the writ in his possession" on June 27th, that he "carried it around with him" for several days after receiving it, and that he "could not have served the writ on the defendant between June 25th and 27th, or on either of said days."[1]

Error to Gogebic; Haire, J.    Submitted June 10, 1896. Decided July 8, 1896.

Attachment proceedings by Joseph S. Bargh against L. R. Ermeling & Company, a foreign corporation. Plaintiff had judgment in justice's court, and a special appeal was taken to the circuit, where the justice's judgment was set aside.    Plaintiff brings error.    Affirmed.

*John D. Barry* (*Julius J. Patek*, of counsel), for appellant.

*Foster & Bushnell*, for appellee.

MOORE, J.    This is an action in attachment, brought in justice's court, June 25, 1895, at which time garnishee proceedings were also commenced.    Personal service was not had upon the defendant.    On the same day the

[1] See *Tunningly* v. *Butcher*, 106 Mich. 35, holding that service of the writ, whether personal or substituted, must be made at least six days before the return day.

proceeding was commenced, the constable seized certain property, and garnished several persons, with whom he left certified copies of the attachment. No other service of process was made. The defendant appeared specially, and moved to quash the writ for several reasons, the only one necessary to discuss here being because no actual service of process was made personally upon the defendant, and because no legal substituted service was had upon it. The magistrate refused to dismiss the writ, and allowed the constable to amend his return so as to show:

"That he had the writ in his possession on the 27th day of June; that he carried the writ around with him for several days after he received it, and that he received it on June 25th; that he could not have served the writ on defendant between June 25th and 27th, or on either of said days; that the writ was returned to the court after June 27th, and on July 2d."

The justice then proceeded to the trial of the cause, and rendered judgment for plaintiff. The defendant took a special appeal to the circuit court, which appeal was sustained, and the judgment in the justice's court was set aside. The case is brought here by writ of error.

The only question necessary to discuss is, was the service of process such as to give the court jurisdiction? The plaintiff insists it was sufficient, and cites 3 How. Stat. § 6841. It is conceded that, if defendant could have been found, personal service might have been had upon it up to and including June 26th. The officer, without waiting to see if he could obtain service upon it, made such service as has been made in the case on June 25th. It has been repeatedly held by this court that—

"If the officer fails to show by his return that he retained the writ in his hands, and made diligent search for the defendant, during the time within which personal service might by law have been made, his return of substituted service is insufficient to confer jurisdiction upon the justice to proceed further with the case." *Brown* v. *Williams*, 39 Mich. 755, and cases cited therein.

The return of the officer fails to comply with these requirements.

The judgment of the court below is affirmed.

The other Justices concurred.