### MATTHEWS v. FORSLUND.

JUSTICES OF THE PEACE—ATTACHMENT—SUBSTITUTED SERVICE.

> Substituted service of a justice's writ of attachment, made on the sixth day before the return day of the writ, is valid, where the officer's return shows that he retained the writ in his hands, and made proper effort to obtain personal service, during the full time within which such service might lawfully be made; and *it seems*, further, that substituted service upon a prior date would be good under such circumstances. *Bargh* v. *Ermeling*, 110 Mich. 164, distinguished.

Error to Gogebic; Haire, J. Submitted April 28, 1897. Decided June 28, 1897.

Attachment proceedings by John B. Matthews and others against Mathilda Forslund, wherein the Gogebic Hardwood Manufacturing Company was summoned as garnishee. Plaintiffs had judgment in justice's court, and defendant removed the case to the circuit on *certiorari*, where the justice's judgment was sustained. Defendant brings error. Affirmed.

*Buck & Waples*, for appellant.

*John D. Barry* (*Julius J. Patek*, of counsel), for appellees.

MONTGOMERY, J. This case was commenced in justice's court by attachment. The case was removed to the circuit court upon *certiorari*, the sole ground of error alleged being that the service upon the garnishee defendant of the writ of attachment issued out of justice's court was made upon a day when valid service could have been made upon the principal defendant. It appears that the writ was served upon the last day that service could have been made upon the principal defendant. The statute (section 6841, 3 How. Stat.) provides that, if the defend-

ant cannot be found in the county, the officer shall leave a copy of the attachment and inventory at the last place of residence of the defendant. The only provision of the statute as to the time of service is that contained in section 6840, which fixes the time of service as at least six days before the return of the writ. It was accordingly held in *Tunningly* v. *Butcher*, 106 Mich. 35, that substituted service, made less than six days before the return day of the writ, was insufficient. It would necessarily follow from this holding that a substituted service made upon the last day permitted by the statute is good. The case of *Bargh* v. *Ermeling*, 110 Mich. 164, is clearly distinguishable, as in that case it did not appear by the return that any effort was made to make service upon the principal defendant. Speaking for myself, I can see no reason why a substituted service made at any time after the writ comes to the hands of the officer should not be held good, provided the officer retains the writ in his hands, and makes return of proper search for the defendant during the life of the writ.

Other questions are discussed in the brief of counsel, but we have repeatedly held that, when a party resorts to *certiorari*, he must make his allegations of error specific, and is confined to the precise points raised. *Farrah* v. *Bursley*, 100 Mich. 552.

The judgment will be affirmed.

The other Justices concurred.