117   227
125   447

FARR v. KILGOUR.

1. JUSTICES OF THE PEACE—ATTACHMENT—SUBSTITUTED SERVICE.
   Substituted service of a justice's attachment is void if the
   return of the officer fails to show that diligent search was
   made for the defendant during the whole time within which
   personal service might lawfully be made.   *Brown* v. *Williams*, 39 Mich. 755, followed.

2. REPLEVIN—RIGHT OF POSSESSION—PLEDGE.
   A creditor of a pledgor, who, with the consent and sub-
   ject to the rights of the pledgee, attaches the property
   pledged, holds as the representative of the pledgee, and can
   maintain his possession, regardless of the invalidity of the
   attachment, as against one whose lien is subordinate to that
   of the pledgee.   So *held*, where the property was sought to be
   replevied by one who claimed it as security under an unre-
   corded instrument of which the pledgee had no notice.

Error to St. Clair; Vance, J.   Submitted April 21, 1898.
Decided May 24, 1898.

Replevin by Charles E. Farr against John Kilgour.
From a judgment for defendant on verdict directed by the
court, plaintiff brings error.   Affirmed.

*Stevens & Graham*, for appellant.

*Frank Whipple*, for appellee.

HOOKER, J.   Benny purchased two horses from the
plaintiff, and gave him a writing of which the following
is a copy:

"FARGO, MICHIGAN, April 13, 1894.
"On or before the 1st day of October, 1894, I promise to
pay Charles E. Farr, or order, one hundred and eighty
dollars, with exchange, at Fargo, Michigan, with interest
at 7 per cent. if paid at maturity.   If not paid within
30 days after maturity, then I agree to pay interest at
the rate of 8 per cent. from this date until paid.

"I have this day received from Charles E. Farr one span of mares, six years old, black, and I also add to above one black mare, three years old past, as additional security for the payment of this note, which I agree to safely keep, and return to said Charles E. Farr or assigns, upon demand. The title of said property shall remain in said Charles E. Farr until this note is paid. The said Charles E. Farr or assigns are hereby authorized, if they deem themselves insecure, to declare said sum and interest due immediately, and to proceed to the collection thereof; or, if the said Charles E. Farr or assigns elect to do so, then they may take possession of said property, wherever the same may be, without process of law. If said Charles E. Farr or assigns shall take possession of said property hereunder, then all moneys paid hereon shall belong to them as an agreed price for the rent of said property, and damage thereto growing out of the use thereof.

[Signed]   "REUBEN BENNY."

This writing was not filed with the township clerk. Subsequently, Benny left the black mare with Rabideau, in pledge for a debt of $10. The defendant sued out an attachment, and seized the three-year-old mare for a debt due to him from Benny, and the plaintiff replevied her, after demand and refusal of possession. The writ of attachment issued May 16th, and was returnable May 26th. The return was as follows:

"By virtue of the within attachment, I, R. E. Lawrence, on the 16th day of May, at 8:30 o'clock a.. m., seized the goods and chattels of the defendant mentioned in the inventory of which the annexed is a copy; and on the following day, because the defendant could not be found by me in the county of St. Clair, I left a certified copy of said attachment and said inventory, duly certified by me, at the last place of residence of the said defendant, in the county of St. Clair, and State of Michigan.

"R. E. LAWRENCE, Constable."

The writ of replevin issued May 24th. At the time the mare was taken from Rabideau, he made known his claim to the defendant, who suggested that he share the expense of the attachment proceedings and in the proceeds. This he declined, and the defendant told him to come over at the time of the sale, and put in his claim.

The circuit judge held that the attachment proceedings were void for want of a proper service, and in this we think that he did not err. The question is ruled by the case of *Brown* v. *Williams*, 39 Mich. 755. As in that case, the return before us fails to show that the officer made any effort to find the defendant named in his writ after the time when he made the substituted service, although he had two or three days thereafter within which a personal service would have been valid.

But a verdict was directed for the defendant, upon the ground that the plaintiff was not entitled to the possession of the mare as against Rabideau, and that the defendant's possession was that of Rabideau, inasmuch as Rabideau consented that he might take the mare under his attachment. It is contended by the plaintiff that the evidence shows that Rabideau waived his lien, in favor of the attachment. We think the evidence does not show this, but rather that he was willing to permit the attachment subject to his lien. At that time the attachment proceedings were apparently valid; and, if they were not perfected, it became the duty of the officer, or of the defendant, who held the property under his authority, to return it to Rabideau.

Even if Rabideau had consented to waive his lien in favor of the defendant, he did not waive it in favor of the plaintiff. It is obvious that the plaintiff's interest was in the nature of security, and as the instrument was not filed, and Rabideau had no notice of it, Rabideau's rights were superior. It was competent for the defendant to attach subject to Rabideau's rights without payment of his claim, by his consent; and, after the attachment proceeding failed, he was accountable to Rabideau for the possession.

The judgment of the circuit court is affirmed.

The other Justices concurred.