DAVIDSON *v.* FOX.

1. JUSTICES OF THE PEACE — ATTACHMENT — SERVICE — FOREIGN CORPORATIONS.

In 1879 the justice's court act was so amended as to permit the issuance of attachments against foreign corporations (2 How. Stat. § 6831). Sections 6840 and 6841, being parts of the original act, provide for service of the writ either personally or by leaving a copy with the custodian of the property seized. Another statute (2 How. Stat. § 8143) provides that in suits commenced by attachment against a foreign corporation, if personal service is had on any officer, member, clerk, or agent of such corporation within this State, the same proceedings shall be had as in case of an attachment against a natural person.   *Held*, that section 8143 is permissive merely, and does not provide an exclusive mode of service, but that service upon a foreign corporation may properly be made in accordance with the provisions of the justices' act.

2. SAME—SUBSTITUTED SERVICE—RETURN.

A constable's return that the defendant named in a justice's writ of attachment has no last place of residence within the county is not insufficient for failure to certify that he has made diligent search to find a last place of residence.

3. SAME.

A return of substituted service of a justice's writ of attachment, which states that the officer retained the writ in his

hands, and "made diligent search" for defendant, during all the time in which personal service might be made, is not open to the objection that it does not show that defendant could not be found, where the return begins with the statement "I * * * am unable to find" the defendant.

4. SAME.

Substituted service of a justice's writ of attachment, made more than six days before the return day of the writ, is valid, where the officer's return shows that he retained the writ and made diligent search for the defendant for the full time required.

Error to Wayne; Carpenter, J. Submitted April 20, 1899. Decided June 5, 1899.

Trover by Alexander Davidson against David W. Fox, the Detroit Journal Company, Fred H. Lutz, and William W. Watson. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Affirmed.

*George W. Bates*, for appellant.

*Bacon & Palmer*, for appellee Watson.

*A. Ward Copley* ( *Cutcheon & Stellwagen*, of counsel ), for other appellees.

MONTGOMERY, J. This is an action of trover to recover the value of certain store fixtures and bicycle sundries taken on two attachments in favor of the Detroit Journal Company and Fred H. Lutz, respectively, against the property of the Davidson Cycle Company, a foreign corporation. Plaintiff is the assignee of the Davidson Cycle Company. Defendant Fox is the constable who served the writs. Defendant Watson is a warehouseman with whom the property was stored. The circuit judge held that the attachment proceedings were valid, and directed a verdict for the defendants. The plaintiff contends that the law makes no provision for service of attachment from justices' courts against foreign corporations, and that if

section 8143, 2 How. Stat., applies to such proceedings, the service should be on an officer or agent of the corporation. It is also contended that the return of service is defective in each case, for reasons which will be referred to later on.

1. Prior to 1879 justices of the peace had no jurisdiction to issue attachments against foreign corporations. In that year section 6831, 2 How. Stat., was amended so that it now provides that:

"Any plaintiff shall be entitled to an attachment against a defendant in any action founded on a judgment, or on a contract, express or implied, if such plaintiff, or some person in his behalf, shall make and file with the justice an affidavit * * * containing a statement. * * * *Fifth*, that the defendant is a foreign corporation."

The clause last quoted is the one introduced by way of amendment. Language could not well be clearer. Is the service provided by the justices' act sufficient? This amendment is to the justices' act, and the act, as amended, is to be construed as a whole. Sections 6840 and 6841 provide for service either personally or by leaving with the custodian of the property seized. But it is contended that section 8143 provides the exclusive mode of service in attachment cases. This section makes no provision for service in case no officer, member, clerk, or agent of such corporation be found within the county. The language of the section is permissive, and we think it should be so construed. It does not, therefore, provide an exclusive mode of service.

2. In the Journal Company case the return of service is as follows:

"By virtue of the within writ of attachment, I, David W. Fox, on the 9th day of September, 1897, at the city of Detroit, Wayne county, Michigan, seized the goods and chattels of the defendant, the Davidson Cycle Company, a foreign corporation, within named, which are mentioned in an inventory, of which the annexed is a copy; and I hereby certify that I have made diligent search and in-

quiry, and am unable to find said Davidson Cycle Company, or any person on whom personal service of the within writ could be made as against the said Davidson Cycle Company, within the said county, and therefore, on the 14th day of September, 1897, because the said defendant could not be found, I left a copy of the within attachment and of the said inventory, duly certified by me, with Frank H. Chapman, in whose possession I found the said goods and chattels; and I certify that said defendant has no last place of residence within said county; and I further certify that I retained the within writ in my hands, and made diligent search for the said defendant, during all the time within which personal service might by law have been made."

In the Lutz case the return was as follows:

"By virtue of the within writ of attachment, I, David W. Fox, on the 10th day of September, 1897, at the city of Detroit, Wayne county, Michigan, seized the goods and chattels of the defendant, the Davidson Cycle Company, a foreign corporation, within named, which are mentioned in an inventory, of which the annexed is a copy; and I hereby certify that I have made diligent search and inquiry, and am unable to find said Davidson Cycle Company, or any person on whom personal service of the within writ could be made as against the said Davidson Cycle Company, within the said county, and therefore, on the 15th day of September, 1897, because the said defendant could not be found, I left a copy of the within attachment and of the said inventory, duly certified by me, with Frank H. Chapman, in whose possession I found said goods and chattels; and I certify that said defendant has no last place of residence within said county; and I further certify that I retained the within writ in my hands, and made diligent search for the said defendant, during all the time within which personal service might by law have been made."

Each of these returns shows—

*First.* That the officer was unable to find the defendant.

*Second.* That he retained the writ in his hands, and made diligent search for the defendant, during all the time in which personal service might by law be made.

*Third.* That the defendant had no last place of residence within the county.

*Fourth.* That service was made on the person in whose possession the property was found at least a sufficient length of time before the return day.

It is urged that the return should have certified that the officer made diligent search to find a last place of residence of defendant, and that a return in terms that the defendant has no last place of residence within the county is not sufficient. The statute does not require any more specific return in that regard than was made in this case. *Buehler* v. *De Lemos*, 84 Mich. 554; *Nicolls* v. *Lawrence*, 30 Mich. 395, 397.

It is also said the return, showing the officer retained the writ in his hands, and made diligent search for defendant, during all the time in which personal service could be made, does not show that he could not find the defendant. It is true, this language does not, standing alone, show this fact; but the officer also returns, "I * * * am unable to find the said Davidson Cycle Company." This is sufficient.

The fact that substituted service was made in one case more than six days before the return day does not invalidate the service, in so much as it appears that the officer retained the writ and made diligent search for the defendant for all the time required. *Matthews* v. *Forslund*, 113 Mich. 416.

We find no error.   Judgment affirmed.

The other Justices concurred.