### ERMELING *v.* BARGH.

ATTACHMENT BOND—LIABILITY OF SURETIES—IDENTIFICATION OF OBLIGEE.

> Sureties on an attachment bond executed to E. & Co. may be held liable thereon to E., upon proof that E. individually did business in that name, and that the damages sustained accrued to him individually; the express obligation of the sureties being in no way enlarged by such identification of the obligee.

Case made from Gogebic; Haire, J. Submitted June 22, 1899. Decided September 12, 1899.

*Assumpsit* by L. R. Ermeling against Joseph S. Bargh, principal, and John D. Barry and H. E. Fox, sureties, on an attachment bond. Plaintiff had judgment, and defendants assign error. Affirmed.

*Buck & Waples*, for appellants.

*George C. Foster* and *T. H. Bushnell*, for appellee.

LONG, J. June 25, 1895, Joseph S. Bargh commenced suit by attachment in justice's court against L. R. Ermeling

& Co., styling in the affidavit for the writ the said L. R. Ermeling & Co. as a foreign corporation. A bond in the penal sum of $200 was executed by Bargh, with defendants Fox and Barry as sureties thereon. The bond was executed to L. R. Ermeling & Co., its certain attorneys, etc., and was conditioned in the usual form to pay to said L. R. Ermeling & Co. all damages and costs it might sustain by reason of the issuing of the writ, if Bargh failed to recover judgment in said suit. The writ of attachment commanded the officer to attach the goods, chattels, etc., of L. R. Ermeling & Co. The defendant appeared specially on the return day of the writ in justice's court, and moved to quash the writ, and all proceedings thereunder, for the reason that the court acquired no jurisdiction of the defendant or the subject-matter. This motion was denied by the justice. The defendant made no further appearance in that court, but, upon judgment being rendered in favor of plaintiff, took a special appeal to the circuit court, where the special appeal was sustained, and judgment entered in favor of defendant. This judgment was sustained in this court. (*Bargh* v. *L. R. Ermeling & Co.*, 110 Mich. 164). The present action is upon the bond against the principal and sureties to recover damages. The action was commenced in the name of L. R. Ermeling individually. The court below found that L. R. Ermeling & Co. expended $150 as attorney's fees in the original suit, and that such amount was reasonable for the services performed; that Ermeling was also entitled to recover his taxed costs in that suit of $33 in the circuit and $36.85 in the supreme court. The court also found that at all the times stated in the pleadings and proceedings in that action the plaintiff here was carrying on business as an individual under the name of L. R. Ermeling & Co., and that said L. R. Ermeling & Co. was neither a partnership nor a corporation, but was and is the plaintiff in this action. Judgment was entered in favor of plaintiff on the bond in the sum of $200 and costs. Defendants appeal.

The only objection made here is that, the original suit

having been brought against L. R. Ermeling & Co. as a foreign corporation, the plaintiff could not maintain this action without an assignment of the bond to himself from the corporation. The return to the writ of attachment shows that the officer executing the writ seized and attached the goods and chattels of L. R. Ermeling & Co. The objection of defendants' counsel cannot be sustained under the findings of fact made by the court below. The court found as a fact that L. R. Ermeling was doing business as L. R. Ermeling & Co.; that this was not a corporation or a partnership. It appears, therefore, that L. R. Ermeling individually was the real defendant in the attachment proceedings. The mere fact that Bargh, as plaintiff in that suit, styled it as a foreign corporation in the affidavit and other proceedings in that suit cannot be held to estop the plaintiff from setting up that he was doing business under the name of L. R. Ermeling & Co., and that he was the party named in the proceedings, and that the damages suffered were suffered by him individually. While it is true that a surety can insist that he shall not be bound beyond the terms of his obligations, nevertheless he cannot escape the obligations he does assume. The defendants signed this bond upon which the writ issued, and the goods of Mr. Ermeling were taken. It was proper in the proceedings to identify the plaintiff here as doing business as L. R. Ermeling & Co., and show that it was his goods that were taken, and that the damages sustained were damages accruing to him as representing L. R. Ermeling & Co. This in no degree enlarged the express obligations of the sureties on the bond. *Wile* v. *Koch,* 54 Ohio St. 608.

The judgment must be affirmed.

The other Justices concurred.