## ADAMS *v.* OSBORNE.

1. JUSTICES OF THE PEACE—PROCESS—SERVICE—ALIAS SUMMONS—GARNISHMENT.

   Where a garnishee summons was issued simultaneously with the first summons in a suit in justice's court, and was duly served, but the officer was unable to obtain service of the original summons, either personally, or by leaving it at defendant's last place of abode, the suit did not fail, but plaintiff was entitled to sustain it by suing out and serving an alias summons followed by an attachment as provided by § 717, 1 Comp. Laws.

2. GARNISHMENT—ATTACHMENT—SERVICE—FAILURE OF SUIT.

   A debt impounded by garnishment proceedings instituted simultaneously with a short summons followed by an alias summons and attachment, as provided by sections 717 and 990, 1 Comp. Laws, is released by return of the attachment not personally served, section 745 having no application to such a case.

Case made from Kent; Perkins, J. Submitted October 17, 1904. (Docket No. 125.) Decided November 9, 1904.

Assumpsit in justice's court by William M. Adams and George W. Hart, copartners as Adams & Hart, against George W. Osborne for goods sold and delivered. Plaintiffs recovered judgment in the justice's court, and defendant appealed to the circuit court by writ of certiorari. From a judgment for plaintiffs, defendant appeals. Reversed.

*Sawyer & Bishop*, for appellant.

*Don E. Minor* (*Fred M. Raymond*, of counsel), for appellee.

HOOKER, J. There are two ways in which a justice of the peace may obtain jurisdiction in the case of a nonresident defendant, in an action upon contract, where such defendant does not appear: (1) Where such defendant is seasonably served personally with a short summons within the county; (2) where he has property within, or a debt owing to him from persons living in, said county, and such property or debt is duly impounded by writ of attachment or garnishment in accordance with law.

In this case the plaintiffs reside in the county of Kent, and the defendant in Wexford, and they so resided at the time this action was begun. A short summons was issued in Kent county, on June 12, 1903, returnable in six days, and at the expiration of that time an alias summons was issued, returnable on June 24, 1903. Each of these was seasonably returned by the officer, with a certificate that, after diligent search, he had been unable to find the defendant, or his last place of abode. On the latter date an attachment was issued, returnable July 2, 1903. This was returned on that date, with a certificate that the officer had made diligent search and inquiry during all of the time allowed by law, and had been unable to find the defendant within the county; that corresponding diligence

had failed to disclose that he had a last place of residence in said county, or any goods and chattels therein. It was further certified that on June 27th the officer served a certified copy of the writ of attachment upon the Grand Rapids & Indiana Railway Company, etc., "the garnishee defendant named in the cause in which said writ of attachment is issued," etc. This alluded to a garnishee summons which was issued simultaneously with the summons first mentioned, and duly served. The defendant did not appear in answer to either summons, or upon the return day of the attachment. On that day the cause was adjourned, in compliance with section 736 of the Compiled Laws, to August 3d, at which time the defendant appeared specially and moved to dismiss the proceedings, which motion being denied, he took no further part in the case, and the plaintiffs proceeded with it and ultimately obtained a judgment. The cause was removed to the circuit court by certiorari, where the judgment was affirmed. The defendant has appealed.

The important questions in the case are two:

1. Had the justice jurisdiction to issue the writ of attachment?

2. Was there a proper service upon the garnishee?

We find no authorities denying the right of a resident to take a short summons against a nonresident, and none warranting the inference that an alias summons is limited to cases where the defendant is or has been a resident of the county where the suit is commenced; i. e., one who can be said to have "a last place of abode." Counsel seem to argue that the garnishee suit ended when the first summons was returned without service of any kind. They cite the case of *Iron Cliffs Co.* v. *Lahais,* 52 Mich. 394, as in point, saying:

"Indeed, the cases are identical, except that the reason why the service of the first summons was void was different from the case at bar. There they left the summons at the defendant's last place of abode too soon; with us, they never left it there at all. The court, in deciding the case, says:

" 'All the proceedings in the case are special and statutory, and must be strictly construed. To entitle the defendant to the benefit he claims under them, he must show they are clearly within the provisions of the statute.	*	*	*	At the time Clark made his disclosure, Lahais had no valid legal proceedings pending against Brunette. On the return day of the first summons against him, no service of the process had been made, and the suit thus commenced went down for the want of jurisdiction in the court to continue it by issuing further process. The garnishee proceedings, being merely ancillary, went down with it, and for the same reason.'

"This is exactly the point claimed by us, namely, that the service of the copy of the attachment upon the garnishee defendant, the Grand Rapids & Indiana Railroad Company, could have had no effect whatever in giving the justice jurisdiction, because the garnishee proceedings, being ancillary to the original summons, lapsed on the 18th day of June, when that summons was returned without any valid service having been made."

It must be admitted that, if the *suit failed* for want of a proper service of the first summons, the garnishee proceedings fell with it. Did it fail?

Section 717 of the Compiled Laws provides:

"If it appear by the return of the constable that the summons was not personally served, and the defendant shall not appear on the return day thereof, the plaintiff may thereupon take out a new summons against the defendant, in continuation of his suit, returnable not less than three nor more than twelve days from the date thereof, which shall be served at least two days before the time of appearance mentioned therein, and if such summons be returned that the defendant cannot be found after diligent inquiry, the plaintiff may, in further continuance of his suit, have an attachment against the defendant in actions upon contract, on filing an affidavit as to the amount claimed to be due, and executing a bond as in other cases."

The return states that the officer was diligent during all of the time allowed by law, and was unable to obtain service in either method required by section 716. Counsel apparently intended to be understood as saying that, inasmuch as the summons was not left at defendant's last place of abode, no alias could be lawfully issued, notwith-

standing the fact that he had no last place of abode in the county. Section 717 is broad enough in terms to authorize it, and is silent about requiring any kind of a service. The case cited (*Iron Cliffs Co.* v. *Lahais*) is not necessarily conclusive, because in that case the return showed a failure of the officer to continue his efforts sufficiently long, and the result was said to be a discontinuance of the suit. A second (i. e., alias) summons could not be said to be a continuation of a suit in which there was no longer life. It is not there held that a case should fail where the officer's return shows compliance with the statute, and we are of the opinion that in the present case the alias and attachment had substantial foundation, and had the effect of continuing the action against the principal defendant. *Segar* v. *Lumber Co.*, 81 Mich. 347.

The second question seems to rest upon defendant's construction of section 745, 1 Comp. Laws, which provides for the commencement of suits by attachment in certain cases:

" That any person or corporation indebted to the defendant in any attachment suit, or who has any property or effects belonging to said defendant may be summoned as a garnishee of such defendant in such attachment proceedings. The proceedings against the garnishee shall be conducted in the manner prescribed in chapter two hundred and two of the Compiled Laws of Eighteen Hundred and Seventy-One, and the amendments thereto, now or hereafter passed. Such garnishee proceedings may be commenced simultaneously with the issuing of the writ of attachment, or while such attachment suit is pending, and shall be deemed auxiliary to the proceedings in attachment, but shall be entered separately upon the justice's docket, the same as in other garnishee cases."

It is insisted that the foregoing language precludes the commencement of garnishee proceedings earlier than the time of issuing the writ of attachment. This must manifestly be so in cases commenced under that statute. See 1 Comp. Laws, § 721 et seq. But this case is not so commenced, as we have seen. See 1 Comp. Laws, § 716.

In cases begun by attachment, section 731 is applicable, and that provides for the service of a certified copy upon a garnishee when garnishment proceedings are commenced simultaneously with the issue of the writ. This would seem to imply that such service is not required where the garnishee proceeding is commenced later, as section 745 clearly states that it may be, if jurisdiction is acquired over the principal case, by seizing property, and personal service, or perhaps either. Section 990 provides for the commencement of garnishee proceedings before a justice of the peace in any action founded upon contract or judgment or decree. It may be commenced any time after the commencement of such action, during its continuance. This action was commenced by the issue of a short summons. The garnishee process followed immediately, and was kept alive, awaiting the result of the principal suit, which also was continued in life by proceedings in strict compliance with law until the attachment was returned not personally served. Then both proceedings fell, as the writ of garnishment was not issued in accordance with either section 731 or 745; i. e., simultaneously with the writ of attachment. See opinion of Carpenter, J., in circuit court, in the case of *Record Printing Company* v. *Adams*, 7 Det. Leg. News, issue of Dec. 15, 1900, bottom paging 191.

The judgment is reversed, and the cause dismissed, with the costs of all courts.

The other Justices concurred.