GRAND HAVEN MILITARY CLUB v. MULHOLLAND.

JUSTICES OF THE PEACE—ATTACHMENT—PROCESS.

Substituted service of a writ of attachment, under which goods have been seized, must be made by delivering a copy to the person in whose possession the chattels levied upon are found, not less than six days before the return day of the writ, under 1 Comp. Laws, §§ 730, 731, if personal service cannot be made on defendant; service made five days before return day is insufficient to sustain a judgment. *Tunningly* v. *Butcher*, 106 Mich. 35 (63 N. W. 994).

Error to Ottawa; Padgham, J. Submitted April 12, 1912. (Docket No. 92.) Decided May 31, 1912.

Attachment by the Grand Haven Military Club in justice's court against Arthur Mulholland. Defendant removed said cause to the circuit court by certiorari. Judgment for plaintiff and defendant brings error. Reversed.

*C. C. Coburn* (*R. J. Macdonald* and *James E. Sullivan*, of counsel), for appellant.

*Lillie & Osterhous*, for appellee.

BLAIR, J.    On June 28, 1911, the plaintiff filed an affidavit for writ of attachment against the goods and chattels of the defendant, with Daniel C. Wachs, a justice of the peace at Grand Haven, Mich., at the same time filing the bond required by the statute, which bond was approved by the justice, who thereupon issued a writ of attachment returnable July 8, 1911. This writ was executed on June 28, 1911, by the officer having the same seizing certain goods of the defendant, which he duly inventoried. He was unable to find the defendant to make service of the writ upon him, and therefore, on July 3, 1911, served a copy of the writ, together with a certified copy of his inventory of the goods seized, upon one Arthur Killean, in whose possession he found them; and on July 8, 1911, returned and filed with the justice the writ, with his return thereon, showing the foregoing and the further fact that the defendant had no last place of residence within the county. Plaintiff recovered judgment in justice's court, which was affirmed on certiorari in the circuit court. To reverse this judgment, defendant prosecutes his writ of error in this court.

The statute regulating service of the attachment provides (section 730, 1 Comp. Laws) for personal service if such can be made, and, if not (section 731), for substituted service. The principal question presented for our consideration in this case is whether substituted service made five days before the return day is sufficient to confer jurisdiction upon the justice to proceed with the case. It

was expressly held by this court in *Tunningly* v. *Butcher*, 106 Mich. 35 (63 N. W. 994), that substituted service, as well as personal service, must be made at least six days before the return day thereof. Of this case counsel for plaintiff say in their brief:

" If this is the law, then the service in the case at bar is not good, but we respectfully insist that this is not the law, and that the holding in the case cited is contrary to the rule established and adhered to by this court for many years before that case was decided, and since it was decided. * * * Counsel for defendant say, on page 6 of their brief, that, the *Tunningly* and *Matthews Cases* being the last expression of the court on these statutes, their doctrine must prevail over the doctrine of the earlier cases. But in this we do not agree with them. In the first place, these cases are not the last expression of the court, and in the second, we submit that the court held wrongly in those two cases, and rightly in the earlier cases, and should, therefore, overrule the cases upon which counsel rely, and adhere to the better doctrine laid down years before, and for years adhered to and followed."

In support of their contention, counsel cite *Withington* v. *Southworth*, 26 Mich. 381; *Nicolls* v. *Lawrence*, 30 Mich. 395; *Town* v. *Tabor*, 34 Mich. 262; *Brown* v. *Williams*, 39 Mich. 755; *Bargh* v. *Ermeling & Co.*, 110 Mich. 164 (67 N. W. 1083); *Farr* v. *Kilgour*, 117 Mich. 227 (75 N. W. 457). The doctrine of *Tunningly* v. *Butcher* was approved in *Matthews* v. *Forslund*, 113 Mich. 416 (71 N. W. 854), and *Davidson* v. *Fox*, 120 Mich. 385 (79 N. W. 1106), and is not out of harmony with the doctrine of the cases relied upon by plaintiff. In *Davidson* v. *Fox* it was held, citing *Matthews* v. *Forslund*, that substituted service may be made more than six days before the return day, provided the officer retains the writ and makes diligent search for the defendant, in order to make personal service, for all the time required by law. Bearing this distinction in mind, there is no conflict in the cases relied upon by the respective parties. The service, not having been made at least six

days before the return day, was invalid, and, the defect not having been waived, the attachment proceedings were void.

The judgment is reversed, with costs of both courts to defendant.

MOORE, C. J., and STEERE, McALVAY, BROOKE, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.