NAPOLEON WHITE v. JAMES PRIOR, PRINCIPAL DEFEND-
ANT, AND GEORGE FEARNLEY AND NANCY
VANDECAR, LOG-OWNERS.

*Attachment—Log-lien proceedings—Service—Jurisdiction.*

| 88 | 647 |
|---|---|
| 99 | 626 |
| 88 | 647 |
| 101 | 278 |
| 88 | 647 |
| 112 | 563 |
| 113 | 114 |
| 88 | 647 |
| 125 | 447 |

1. Substituted service in an attachment suit is only permitted in
case the defendant cannot be found, and the officer must cer-
tify to such fact before making such service.

2. Service on January 29 of a writ of attachment in a log-lien
suit returnable February 4 confers no jurisdiction on the jus-
tice issuing it; citing *Isabelle v. Iron Cliffs Co.*, 57 Mich. 120.

3. A certificate by a sheriff that he used due diligence in trying
to get service of a writ of attachment upon the defendant is
not equal to a certificate that the defendant could not be
found, and courts are not justified in drawing that inference
from such a certificate.

4. Where substituted service is made in an attachment suit, in
order to give the justice jurisdiction, the return must show
that the officer served the writ by leaving a copy thereof and
of the inventory, certified by him, with the person in whose
possession he found the property, it appearing therefrom that
he was unable to find any last place of residence of the defend-
ant; which condition is not fulfilled by a statement that the
property was not, of his knowledge, in the possession of any
person at time of its seizure.

5. Personal service of a justice's writ of attachment, unless accom-
panied by the statutory inventory duly certified, is insufficient
to give the court jurisdiction; citing *Langtry v. Circuit Judges*,
68 Mich. 451.

Error to Clare.  (Hart, J.)  Submitted on briefs Octo-
ber 28, 1891.  Decided December 21, 1891.

Attachment under log-lien law.  Defendant log-owners
bring error.  Reversed, and proceedings quashed.  The
facts are stated in the opinion.

*C. H. Rose,* for appellants.

*W. A. Burritt,* for plaintiff.

GRANT, J    This is a proceeding by attachment under the "Log Lien Statute" (Act No. 229, Laws of 1887; 3 How. Stat. §§ 8427*a*-8427*p*).

The writ was issued January 26, made returnable February 4, served on the principal defendant January 29, and the property in question was seized on January 26. The officer returned that no one, to his knowledge, was in possession of the property attached. Appellants were the owners of the property, and, learning that it was attached, appeared specially, and moved to quash the proceedings. This motion was overruled, and judgment entered against the principal defendant and these appellants.

These proceedings were void for several reasons.

1. The justice obtained no jurisdiction, for the reason that service was not made within the time prescribed by the statute. *Isabelle v. Iron Cliffs Co.,* 57 Mich. 120. When the motion to quash was made, the return of the officer showed a seizure of the property and the service of a certified copy of the writ upon Prior. Plaintiff and the justice were then proceeding upon the theory of a valid service. It was conceded that service was not made in time to confer jurisdiction, and thereupon the justice permitted the officer to amend his return, certifying that he used due diligence in trying to get service on the principal defendant, and that, after diligent search and inquiry, he was unable to find any last place of residence of said defendant; but that on January 29 he found him, and made service, as the original return shows. They then attempted to take the proceedings provided by statute where the defendant cannot be found.

Substituted service is only permitted in case the defendant cannot be found. The return of the officer

does not show this to be the fact. He must certify to that fact before making substituted service. On the contrary, defendant was found within the county, but a little too late to make personal service upon him. The jurisdiction of justices must plainly appear; it cannot be left to inference. A certificate by the sheriff that he used due diligence in trying to get service is not equal to a certificate that the defendant could not be found, and courts are not justified in drawing that inference from such a certificate.

2. The return does not show that the officer served the writ by leaving a copy thereof and of the inventory, certified by him, with any person in whose possession the property seized was found. The return does not certify that the property was not in the possession of any one. It does not show that he took any steps to ascertain whether any one had possession. The only statement in the return, bearing upon this point, is the expression, "not of my knowledge in the possession of any person." Such a return gives the court no jurisdiction. How. Stat. § 6841, and authorities there cited.

3. The return does not show that the officer served a certified copy of the inventory of the property seized upon either the principal defendant or the owners of the attached property. *Langtry v. Wayne Circuit Judges*, 68 Mich. 451.

It is unnecessary to refer to the other questions raised. The judgment of the court below is reversed, and the proceedings quashed.

The other Justices concurred.