REYNOLDS *v*. MARQUETTE CIRCUIT JUDGE.

1. ATTACHMENT—SUBSTITUTED SERVICE—LOG LIENS.
   Substituted service of a writ of attachment in log-lien proceedings is not permissible if defendant can be found in any county of the State.

2. SAME—OFFICER'S RETURN—VACATION OF WRIT.
   Where the return of the officer to a circuit court writ of attachment shows a substituted service of the writ on the day before the return day, and fails to recite any subsequent efforts to obtain personal service, the writ is properly quashed.

3. SAME—OFFER TO AMEND RETURN—REVIEW ON MANDAMUS.
   On an application for *mandamus* to review the action of the circuit judge in quashing an attachment in log-lien proceedings for service on an alleged agent instead of personally on the owner, an offer to amend the officer's return so as to show

125 445
e148 ⁴555
125 445
j149 ²183
d149 ²184

diligence of the officer, and the character of the agency, cannot be considered, since it falls short of an offer to show facts justifying substituted service.

4. SAME—RELEASE OF LOGS—STATUTORY BOND—WAIVER.
    The giving of the statutory bond for the release of property attached in log-lien proceedings is not a waiver of defects in the service of the writ, as the bond merely stands in the place of the property.

*Mandamus* by John T. Reynolds and Albert H. Long to compel John W. Stone, circuit judge of Marquette county, to set aside an order quashing a writ of attachment. Submitted November 13, 1900. Writ denied December 31, 1900.

*Button & Culver*, for relators.

*Simonson, Gillett & Clark*, for respondent.

MOORE, J. The relators commenced an attachment suit in the circuit court for Marquette county against James F. Leonard to enforce a lien upon logs, and attached logs belonging to Edgar B. Foss. The return of the officer recites the seizure of the logs on May 26th, and the service, on the same day, of the writ upon Mr. Leonard personally in Marquette county;

"And upon the 4th day of June, A. D. 1900, I did serve upon Edgar H. Foss, the agent of Edgar B. Foss, who is the owner of the products described in said writ and by me seized, by delivering to him personally, at the city of Marquette, a true copy of said writ of attachment and of said inventory, duly certified by me."

It then recites the giving of the statutory bond, and the release of the logs, on the 5th of June, 1900.

The writ was returnable June 5, 1900. Later Mr. Foss moved to quash the writ of attachment for many reasons, which motion prevailed. Application is now made for a writ of *mandamus* to review this action of the circuit judge.

Among other reasons stated in the motion to quash the

writ, it was alleged there was no proper service of process. It was made to appear by the affidavit of Mr. Foss that he was a resident of Bay City, and doing business there, and was in Bay City on June 4th, and continuously some days both prior and subsequent thereto; and that Mr. Reynolds, one of the plaintiffs, knew Mr. Foss was a resident of Bay City. The affidavit also denied that Edgar H. Foss was his proper agent for the service of process.

Many reasons are assigned by the circuit judge in his return why he quashed the writ. It will not be necessary to refer to all of them.

The right to have a lien upon forest products for work done upon them is in derogation of the common law, and is a statutory right. The requirements of the statute must be observed before the lien obtains. *Davison* v. *Davison,* 99 Mich. 625 (58 N. W. 637). The method of serving a writ of attachment issuing from the circuit court is described in 3 Comp. Laws 1897, § 10761. It is there provided that service of such a writ may be made in any county of this State. In construing this statute it has been held that substituted service is only permitted in case the defendant cannot be found. *White* v. *Prior,* 88 Mich. 647 (50 N. W. 655). There was nothing in the return of the officer to indicate that personal service might not be had upon the owner of the logs, while it was affirmatively shown upon the hearing of the motion to quash that personal service could have been had upon him at his home in Bay City.

The return of the officer shows the service which he made was made one day before the return day of the writ. This was a fatal defect. *Bargh* v. *L. R. Ermeling & Co.,* 110 Mich. 164 (67 N. W. 1083), and cases there cited; *Farr* v. *Kilgour,* 117 Mich. 227 (75 N. W. 457).

Counsel say they sought to have the return amended, and that, if allowed to do so, the amended return would cure the defects. The answer of the circuit judge to the order to show cause in relation to the offer to amend is as follows: "Plaintiffs' attorney moved for leave to the

officer to amend his return as to the diligence shown and as to the character of the agency of Edgar H. Foss." This offer falls far short of being an offer to show such a state of facts as would justify substituted service. It is not an offer to show the officer retained the writ in his possession until the return day thereof, and that he made a diligent effort to serve the same personally upon the owner, and that he could not do so because he was not a resident of this State, or; being a resident, was not at home, or was concealed so that service of process could not be made upon him.

It is said the owner waived any defects in the service by giving the statutory bond. The condition of the bond is, not that the owner of the logs will pay any judgment which may be obtained against the principal, but merely that he will pay such sums as may be found to be a lien upon the logs. The bond stands in the place of the property. The giving of the bond is not an appearance in the case. In *Streeter* v. *McMillan*, 74 Mich. 123 (41 N. W. 883), an attachment was issued under the log-lien law. The owner of the logs gave the statutory bond, but the court held the service was invalid.

The writ is denied.

The other Justices concurred.