BUTCHER v. CAPPON & BERTSCH LEATHER CO.

1. ATTACHMENT—AFFIDAVIT—SUFFICIENCY.

An affidavit for attachment which does not state that the defendant therein is indebted to the plaintiff, but states that he is indebted to the deponent, one of the plaintiffs, is jurisdictionally defective, and not subject to amendment.

2. SAME — APPEARANCE — FILING BOND — WAIVER OF DEFECTS IN PROCEEDINGS.

The dissolution of an attachment, by giving the statutory bond to pay any judgment which may be recovered in the suit commenced by the writ, operates as an appearance, converts the suit from an action in rem into an action in personam, and waives any defect in the affidavit.

Certiorari to Missaukee; Chittenden, J. Submitted April 12, 1907. (Docket No. 78.) Decided June 3, 1907.

Attachment proceedings by John F. Butcher and Elisha H. Hunter, copartners as John F. Butcher & Company, against the Cappon & Bertsch Leather Company. There was an order denying a motion to quash, and defendant brings certiorari. Affirmed.

*Covell & Cross* (*Diekema & Kollen,* of counsel), for appellant.

*F. O. Gaffney* (*Henry Miltner,* of counsel), for appellees.

BLAIR, J. Plaintiffs are copartners, doing business under the firm name of John F. Butcher & Co., at Moorestown, Missaukee county. Defendant is a corporation with its office and principal place of business at Holland, in Ottawa county. On January 17, 1906, plaintiffs caused a writ of attachment to be issued out of the circuit court of Missaukee county and to be levied upon a quantity of tan bark in said county belonging to defendant. The affidavit for the writ was made by Elisha H. Hunter, one of the plaintiffs, and alleged, among other things, that "the defendant named in said writ, Cappon & Bertsch Leather Company, a corporation, of Holland, Mich., is indebted to deponent in the sum of seven hundred (700) dollars," etc. On January 30th defendant filed a petition for dissolution of the attachment and restoration of the attached property. February 10th the court denied the prayer of the petition, finding that plaintiffs had a legal claim and good cause for attachment, and, plaintiffs consenting, in view of the tendency of the property to depreciate, that the attachment be dissolved on defendant entering its general appearance and giving a bond to pay any judgment rendered, the court so ordered. On February 20th defendant delivered to the sheriff the bond provided for in section 10567, 3 Comp. Laws, and obtained the property. On February 21st the sheriff made his return, showing inability to make personal service and filing the bond. April 6th plaintiffs

filed affidavit of publication of notice of suit. April 7th declaration was filed. April 28th defendant's default was entered. July 30th notice of trial for the August term of court and proof of service on "Covell & Cross, attorneys for the within named defendant," was filed. August 8th the defendant moved to quash the proceedings for the reason, among others, that the affidavit was void. September 7th plaintiffs moved for an order "permitting said plaintiffs to file the affidavit for attachment hereto annexed for the purpose of curing any defect that exists or is claimed to exist in the original affidavit," etc. September 12th the court denied defendant's motion, and on the next day granted plaintiffs' motion. It is conceded that no general appearance was entered for the defendant. The record is before us for review upon writ of certiorari.

Three questions are presented for our determination, as follows:

(1) Was the affidavit so defective as not to confer jurisdiction upon the court?

(2) Was the affidavit amendable?

(3) Did defendant, by giving the statutory bond, waive any defects in the affidavit?

1, 2. The statute (3 Comp. Laws, § 10556) requires that the affidavit shall contain a statement "that the defendant therein is indebted to the plaintiff," etc. The affidavit in question does not contain such an allegation, but contains an allegation that defendant "is indebted to, deponent," one of the plaintiffs. The affidavit was therefore jurisdictionally defective, and was not subject to amendment. *Freer* v. *White*, 91 Mich. 74; *Heller* v. *Savings Bank*, 138 Mich. 192; *Duryea* v. *Raymond*, 146 Mich. 488.

3. A circuit court writ of attachment "is a summons with a clause authorizing a seizure of property." *Thompson* v. *Thomas*, 11 Mich. 274. The dissolution of the attachment by giving the statutory bond, to pay any judgment which may be recovered in the suit commenced by said writ of attachment, operated as an appearance

and converted the suit from an action in rem into an action in personam. *Paddock* v. *Matthews*, 3 Mich. 18; *Goebel* v. *Stevenson*, 35 Mich. 172; *Hill* v. *Harding*, 93 Ill. 77; *Bunneman* v. *Wagner*, 16 Ore. 433; 3 Enc. Pl. & Pr. p. 84; 4 Cyc. p. 686; *Moore* v. *Hamilton*, 2 Gil. (Ill.) 429. The case of *Reynolds* v. *Marquette Circuit Judge*, 125 Mich. 445, is not opposed to this conclusion. The bond in that·case was given under the provisions of section 10761, 3 Comp. Laws. As said by the court at page 448 of 125 Mich.:

"The condition of the bond is not that the owner of the logs will pay any judgment which may be obtained against the principal, but merely that he will pay such sums as may be found to be a lien upon the logs. The bond stands in the place of the property."

In *Streeter* v. *McMillan*, 74 Mich. 123, cited in *Reynolds* v. *Marquette Circuit Judge*, supra, the court say:

"In the case of an ordinary attachment the suit is brought to recover a personal obligation, and nothing more, and the property is seized as defendant's own property to satisfy his debt and not because of any claim against the property itself. * * * The property seized is not seized because it is in any way related to the debt, but because it is defendant's property, and the judgment, if he does not appear, is paid out of it because it has been seized in pledge for such payment as his own."

But in the case then under consideration, for the enforcement of a lien upon logs, it was said:

"As a proceeding in rem as well as in personam, the property seized was an essential element in the controversy and the only ultimate basis of relief in the absence of a personal liability."

The order overruling the motion to quash is affirmed, with costs to appellee.

McAlvay, C. J., and Carpenter, Grant, and Ostrander, JJ., concurred.