PEPIN v. NAULT.

1. LOGS AND LOGGING—LIENS—ATTACHMENT—PROCESS—RETURN—SUFFICIENCY.

In attachment proceedings under the log lien law, a return by the officer serving the writ that the owners are nonresidents, and that within the life of the writ he has served a resident agent of the owners, is good, since it follows the statute (section 10761, 3 Comp. Laws).

2. PROCESS—SERVICE—RETURN—AMENDMENT—EFFECT.

The filing of an amended return of service of a writ of attachment does not have the effect of entirely superseding the original return unless so intended, and jurisdictional averments in the original will be given effect though not repeated in the amended return.

McALVAY, C. J., dissenting.

Error to Marquette; Stone, J. Submitted January 9, 1907. (Docket No. 154.) Decided July 13, 1907.

Attachment proceedings under the log lien law by Napoleon Pepin against Louis Nault, Fred Nault, and Edward Nault, copartners as Nault & Sons, and W. B. Kibbee and R. P. White, copartners as Kibbee & White. There was judgment for plaintiff, and defendants Kibbee & White bring error. Affirmed.

*M. J. Kennedy,* for appellants.

*T. J. Dundon,* for appellee.

McALVAY, C. J. Plaintiff, claiming a lien on certain logs for personal work and labor thereon, began a suit in attachment May 3d, 1904, in justice's court in Marquette county, under the log lien statute, to enforce his lien therefor. The writ of attachment was issued, and made returnable May 14, 1904. It was personally served on the principal defendants May 7th. The return further shows:

"And on the 11th day of May, A. D. 1904, at the city of Marquette, in said county, I served upon F. M. White, personally, a true copy of the annexed writ and inventory duly certified by me; the said F. M. White being agent of the owners of the goods and chattels mentioned in said inventory, and the owners of said goods and chattels, and Kibbee & White being nonresidents of this State, and they, or either of the said owners, could not be found by me within this State."

The writ of attachment with this return attached was returned and filed with the justice on May 13th, the day before the return day thereof. On the return day, May 14th, the log owners appeared specially by their attorney and moved to quash the writ and proceedings for the reasons:

1. Because the officer had not served the writ by leaving a copy thereof and of the inventory with any person in whose possession the property was found.

2. Because substituted service was made upon the agent and the writ returned before the return day.

Although requested so to do, the justice declined to rule upon this motion, and the attorney for the log owners then withdrew and took no further part in the proceedings before the justice. On the motion of the plaintiff, after issue joined with the principal defendants, the case was adjourned until June 15, 1904, on which day plaintiff was permitted to file an amended return. This, so far as it affected the log owners, is as follows:

" And on the 11th day of May, A. D. 1904, at the city of Marquette, I served on F. M. White personally a true copy of the annexed writ and inventory duly certified by me, the said F. M. White being the agent of the owners of the goods and chattels mentioned in said inventory, the said owners Kibbee & White not being found by me within this State, * * * and I do further return that the said owners, or either of them, have no last place of residence within this State."

The amended return also showed that the property was not in the possession of any person, but was solidly frozen in the ice. It also recites the giving of a statutory bond and the release of the logs on May 5, 1904. The justice then passed upon and overruled the motion to quash above referred to. On this day a trial was had and a judgment rendered in favor of the plaintiff and against the principal defendants, declaring that plaintiff had a lien upon the property (logs) for the amount thereof. The log owners removed the case to the circuit court for Marquette county by certiorari, and from a judgment of the circuit court affirming the judgment of the justice they have brought the case to this court by writ of error.

The question in the case is whether there was any proper service of process to give the court jurisdiction to render a judgment for a lien upon the property. In this case, an amended return was made by the officer, and, if jurisdiction was obtained by the court, it must appear from this return, the material portions of which have been

quoted. The facts in regard to the service in this case and in the case of *Reynolds* v. *Marquette Circuit Judge*, 125 Mich. 445, are identical, with the exception that the return in this case had the additional statement:

"That I have made diligent search and inquiry and am unable to find Kibbee & White [the owners of the property], or either of them, within this State, and I do further certify and return that said owners, or either of them, have no last place of residence within this State."

We do not think that this return distinguishes the case from the *Reynolds Case*, supra. In the case at bar, service on the agent was made three days before the return day, and the writ was returned one day before the return day. Both these acts were premature, and the return does not negative the fact that either or both parties might have been within the State and been found had diligence been used during the entire time allowed by the writ. There was no proper service of this writ. *Reynolds* v. *Marquette Circuit Judge*, supra, and cases cited. The court erred in affirming the judgment of the justice.

The judgment of the circuit court should be reversed, with costs, and a judgment entered vacating and setting aside said justice's judgment as a lien upon appellants' property.

OSTRANDER, J. The sheriff, in the first return to the writ of attachment, certified that the owners of the logs were nonresidents of the State and could not be found within the State. It is evident from the record that the justice of the peace and the circuit judge supposed they had the right to, and that they did, rely upon this certificate, although the officer made another or further return, called an amended return, which omits any reference to the subject of the residence of the log owners. The owners of the logs were not the defendants in the attachment suit. In such a case, the statute method of service and the command of the writ is:

"The officer executing said writ shall serve or cause to be served a copy of said attachment on or before the return day mentioned in said writ upon the owner of said products, or any of them, their proper agent or attorney, if such owner, agent or attorney be known to him, as residing in this State." 3 Comp. Laws, § 10761.

If the owners of logs who are not defendants in the attachment suit are nonresidents of the State, it is insensible to require the officer to carry the writ until the return day for the purpose of making service on them. If the officer certifies in his return that the owners are nonresidents, and that within the life of the writ he has served a resident agent of the owners, it is a good service, because in such case the officer has followed precisely the command of the statute. The question is, therefore, whether we must treat the later and amended return of the officer as superseding entirely the first return. The amended return appears to have been made to meet objections made by counsel for the log owners in the motion to dismiss the proceeding. I find nothing which requires the inference that in making the amended return it was intended to dispute or to recall the statement in the first return respecting the nonresidence of the log owners. The circuit judge in his opinion carefully, and in my judgment correctly, distinguished this case and *Reynolds* v. *Marquette Circuit Judge*, 125 Mich. 445.

The judgment should be affirmed.

CARPENTER, GRANT, BLAIR, MONTGOMERY, HOOKER, and MOORE, JJ., concurred with OSTRANDER, J.