McCORD-COLLINS MERCANTILE CO. v. DODSON.

No. 1543. Opinion Filed February 6, 1912.

Rehearing Denied April 2, 1912.

(121 Pac. 1085.)

1. APPEARANCE — What Constitutes — Forthcoming Bond in Replevin. When property has been taken upon a writ of replevin, and the defendant, within the time allowed by law, executes a redelivery bond to the plaintiff, conditioned that he will deliver the property, if such delivery be adjudged, and will pay the costs that may be awarded against him, and the sheriff returns the property to the defendant, the giving of such bond is an appearance in the action; and such defendant cannot thereafter object to a defect in the service of summons.

2. FRAUDULENT CONVEYANCES — Transfer of Stock of Merchandise. A transfer of a stock of merchandise, made by a person having the possession thereof, is conclusively presumed to be fraudulent as against creditors, unless accompanied by an immediate delivery and followed by an actual and continued change of possession.

3. SAME—Delivery—Evidence. The facts examined, and held to be a sufficient delivery.

4. DEPOSITIONS—Best and Secondary Evidence. When the deposition of a witness is taken in a foreign jurisdiction before a notary public, and the witness produces a record, but declines to part with the original, but submits the original to the notary, who takes a copy, certifies it, and attaches it to the deposition, such copy is admissible on the reading of the deposition.

(Syllabus by Ames, C.)

*Error from Comanche County Court;*
*James H. Wolverton, Judge.*

Replevin by Mary A. Dodson, plaintiff below, defendant in error, against J. T. Windrow, a constable, to recover possession of ·certain personal property, taken by him under execution issued on a judgment rendered in favor of the McCord-Collins Mercantile Company, defendant below, plaintiff in error, against Frank Dodson, the husband of the plaintiff. .The McCord-Collins Mercantile Company was substituted for Windrow as defendant below. Judgment was rendered for the plaintiff, and the defendant brings error. Affirmed.

*H. A. Smith,* for plaintiff in error.

*Stubblefield & Whalin,.* for defendant in error.

Opinion by AMES, C. Frank Dodson owned and operated a small business in the town of Walters. He became indebted to the McCord-Collins Mercantile Company, hereafter referred to as the defendant, one or two other mercantile creditors, and his wife, the defendant in error. Suits were brought on these debts, and in the case brought by his wife Mr. Dodson confessed judgment, and in satisfaction of the judgment, under the advice of counsel, executed, in writing, a bill of sale, conveying his stock of merchandise to Mrs. Dodson. This bill of sale was placed of record. Announcement was made in the newspapers at Walters, the bank was informed, and a number of other persons also. There is testimony to show that it was generally known in the town, and also testimony to the contrary. The sign used by Mr. Dodson was, "Dodson Meat Market & Groceries." This sign remained unchanged. Mrs. Dodson paid the rent for May. She also paid the rent on the house occupied by her, her husband, and his son. Prior to the sale, Mr. Dodson and his son had been in charge of the business, and were frequently assisted by Mrs. Dodson. After the sale, Mrs. Dodson and Mr. Dodson's son were in charge of the business, and there is some testimony that Mr. Dodson had nothing further to do with the store, and other testimony tending to show that he remained there as before. After conducting the business in the store in this manner for some three weeks, what remained of the stock was removed to

the residence occupied by Mr. and Mrs. Dodson, execution was levied thereon on behalf of the defendant, the constable took possession under the writ, and Mrs. Dodson brought this action of replevin. The case was tried to the court without a jury. No findings of fact or conclusions of law were made; but there was a general judgment for the plaintiff in the replevin action, and the defendant brings error.

The defendant filed a motion to quash the summons, and another motion to quash the writ of replevin, on account of alleged irregularities; but before the return day a redelivery bond was given, under which the property was retained. The court overruled the motions to quash, and those rulings are assigned as error.

In *Fowler v. Fowler,* 15 Okla. 529, 89 Pac. 923, this question is disposed of by the third paragraph of the syllabus, which is as follows:

."Where the property has been taken upon a writ of replevin, and the defendant, within the time allowed by law, executes a redelivery bond to the plaintiff, conditioned that the defendant will deliver the property to the plaintiff, if such delivery be adjudged, and will pay all costs and damages that may be awarded against him, and the sheriff returns the property to the defendant, the giving of such bond is an appearance to the action, and estops such defendant from objection to a defect in the service of summons."

In proving the debt from Dodson to his wife, the judgment was not relied on entirely; but evidence was offered tending to show that Mrs. Dodson secured certain funds by inheritance, which were transmitted to her by draft from the attorney representing the estate, and that these were the funds which she loaned to her husband. In securing this evidence, a deposition was taken of the cashier of the Exchange Bank of Jefferson City, Mo., who produced before a notary public the canceled draft by which this sum had been remitted. He was asked to attach the original to his deposition, but declined to do so, as it was a record of the bank, which he desired to retain; but, after exhibiting the draft to the notary public, he permitted a copy to be made and at-

tached as an exhibit to his deposition. This deposition was offered in evidence, including the copy of the draft. It is claimed that this was an erroneous admission of secondary evidence; but, under these circumstances, the draft was properly admitted. 2 Wigmore on Evidence, sec. 1213.

The important question in the case is whether or not there was such a delivery as complies with Comp. Laws 1909, sec. 2933, which reads as follows:

"Every transfer of personal property other than a thing in action, or a ship or cargo at sea, or in a foreign port, and every lien thereon, other than a mortgage, when allowed by law, and a contract of bottomry, or respondentia is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent and therefore void, against those who are his creditors while he remains in possession, and the successors in interest of such creditors, and against any person on whom his estate devolves in trust for the benefit of others than himself, and against purchasers or incumbrancers in good faith subsequent to the transfer."

It is strongly urged that there was no such immediate delivery of the property and actual and continued change of possession as is contemplated by this statute. The principles upon which this question rests are settled by the previous decisions of our own court. *Ellet-Kendall Shoe Co. v. Ross,* 28 Okla. 697, 115 Pac. 982; *Love v. Hill,* 21 Okla. 347, 96 Pac. 623. In these two cases, the previous decisions of our own court, as well as the decisions of other states, are collected and reviewed. Under these decisions, this statute means just what it says, and recording the bill of sale and putting notice in newspapers will not suffice, in the absence of such a delivery as the statute requires. Upon the subject of this delivery, Mrs. Dodson testifies as follows:

"Q. How did you take possession of these goods after this bill of sale was executed to you? A. I walked in and took possession, and he walked out. Q. Who walked out? A. Frank Dodson. Q. Did he hand you any keys or anything of that kind? (Defendant objects as calling for a conclusion of the witness. Objection sustained.) Q. You walked in and took possession?

A. Yes, sir. Q. Did your husband remain there and help you conduct the business? A. No, sir. Q. I will ask you to state if you bought and sold and conducted the business generally in that store? (Defendant objects as suggestive and leading. Objection sustained.) Q. State, Mrs. Dodson, what you did with reference to these goods after the 27th day of April, 1908. (Defendant objects as leading and suggestive. Objection sustained.) By the Court: Q. After you took possession of these goods, what did you do, if anything? A. Why, I went right on and transacted the business. Q. How did you do that? A. Well, I bought and sold goods and did everything there was to do in connection with the business. By Tripp: Q. Did that yourself? A. Yes, sir. By the Court: Q. In whose name did you conduct the business? A. In the name of Mary A. Dodson. Tripp: Q. Conducted the business there in your own name? A. Yes, sir."

There is other testimony tending to show that Mr. Dodson remained at the store; but, as this was a question of fact, and as the judgment of the court, the case being tried without a jury, resolves the facts in favor of the plaintiff, we accept this testimony as true, and under this testimony Mrs. Dodson walked into the store and took possession, and Mr. Dodson walked out, and did not remain there or assist her in conducting the business. These facts constituted an immediate delivery and an actual and continued change of possession. There was also evidence tending to show that this was generally known in the community, that the bill of sale was recorded, and that newspaper comment was made of it. While these things would not be a substitute for an actual delivery required by the statute, they tend to show that there was no concealment. The question involved here is merely one of delivery, there being no claim of actual fraud, and we hold, in the absence of fraud, that there was such a delivery as the statute requires.

Other errors are assigned which are not of sufficient merit to require particular attention.

For the reasons stated, we think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.