## CRAIG v. BROWN.

ATTACHMENT—FOREST PRODUCTS—LOGS AND LOGGING—PROCESS—
SUBSTITUTED SERVICE.
  Under the statute creating and enforcing liens upon logs and
  other forest products, 3 Comp. Laws, § 10761, service must
  be made upon the owner of forest products seized under
  attachment; and on a showing that the owner, one of the
  defendants, was at his usual place of residence during 17 days
  before the return day and after the officer had served the
  writ upon his agent in charge of the defendant's office, the
  attachment was properly dissolved. *Reynolds* v. *Marquette
  Circuit Judge*, 125 Mich. 445 (84 N. W. 628).

Error to Chippewa; Steere, J. Submitted January 23, 1912. (Docket No. 148.) Decided March 12, 1912.

Attachment by Archie Brown, Stephen Craig, and others under the log-lien act against Eugene Brown and another. The writ was levied on certain property claimed

169 MICH.—11.

by Millard D. Olds who intervened. Upon motion of said intervener to dissolve the writ the property was released, and plaintiff brings error. Affirmed.

*John A. McMahon* and *L. C. Holden,* for appellant.

*C. S. Reilley,* for appellees.

BROOKE, J. This case is here on writ of error, the purpose of which is to review the action of the circuit judge in entering an order dissolving the writ of attachment, releasing the forest products seized thereunder, and discharging the bond given by Millard D. Olds, intervener.

The reason for the making of said order is set out therein as follows:

"It appearing to the court that no proper service of said writ had been made upon said Millard D. Olds, owner of the forest products, one of the defendants."

The statute governing the matter is section 10761, 3 Comp. Laws, and provides:

"The attachment shall require the sheriff, or other proper officer, to attach and safely keep the property or products described in the writ, or so much thereof as is necessary to satisfy the claim of the plaintiff, with all costs and disbursements, charges and expenses, and said attachment shall also require the said sheriff, or other proper officer, to summon the defendant therein named to appear before said court at the time and place therein specified, the same as ordinary writs of attachment in circuit and justices' courts; and any such attachment or other process issued out of said courts of this State in pursuance of the provisions of this act, may be served in any county of this State, and if the defendant in said attachment is not the owner of the property or products described in said writ, then the officer executing said writ shall serve or cause to be served a copy of said attachment on or before the return day mentioned in said writ upon the owner of said products, or any of them, their proper agent or attorney, if such owner, agent or attorney be known to him, and residing in this State."

It appears that defendant Olds is a resident of the city of Cheboygan, where he is engaged in the manufacture of lumber.   On July 1, 1910, Olds was absent from Cheboygan, but returned on July 3d.   Service of the writ herein was made on July 1st, upon one Edgar O. Hugill, described in the affidavit of service as "the agent, bookkeeper, and man in charge of the lumber office of Millard D. Olds."   The return day of the writ was July 20th. The affidavit of Olds, in support of his application to dismiss the writ, shows that he was at home in the city of Cheboygan all the time between July 3 and July 20, 1910. This statement of facts is identical with that considered by this court in *Reynolds* v. *Marquette Circuit Judge,* 125 Mich. 445 (84 N. W. 628), where it was held that the service was bad.

Plaintiff insists, however, that we should overrule our holding in that case; it being his claim that the question of service under the log-lien law (section 10761, 3 Comp. Laws) was confused with the service provided for under the general attachment law (sections 730 and 731, 1 Comp. Laws).

We find the decision in *Reynolds* v. *Marquette Circuit Judge, supra,* is based in part upon the case of *White* v. *Prior,* 88 Mich. 647 (50 N. W. 655), where Mr. Justice GRANT, in construing this statute, said:

"Substituted service is only permitted in case the defendant cannot be found."

Again, in the case of *Pepin* v. *Nault,* 149 Mich. 180 (112 N. W. 959), the statute was under consideration, and, though there are two opinions, and the *Reynolds Case* is discussed in both, no doubt is cast upon the correctness of that decision.

The contention of plaintiff that section 10761, 3 Comp. Laws, provides for one method of service upon the defendant and another method of service upon the owner of the forest products, and that the authority to serve "their proper agent or attorney" should be construed as having refer-

ence to primary, not substituted, service, is not without force. We find, upon examining the briefs and records in the *Reynolds Case*, that this view was there urged and rejected.

Upon a consideration of the whole matter, a question of practice only being involved, we have concluded that the judgment of the court should be affirmed.

MOORE, C. J., and McALVAY, BLAIR, STONE, and OSTRANDER, JJ., concurred. STEERE and BIRD, JJ., did not sit.