## FERGUSON v. McKEE.

### No. 1879. Opinion Filed July 23, 1912.

#### (125 Pac. 458.)

**APPEARANCE—Redelivery Bond—Effect.** Where property has been taken under replevin, and defendant executes a redelivery bond, conditioned to return the property and pay costs and damages that may be awarded, and the sheriff returns the property to the defendant, the giving of such bond is an appearance in the action and a waiver of any defect in the summons.

(Syllabus by the Court.)

*Error from District Court, Adair County; John H. Pitchford, Judge.*

Action by A. C. McKee against George Ferguson. Judgment for plaintiff, and defendant brings error. Affirmed.

*Nance & Priest* and *Wm. Cravens,* for plaintiff in error.

*E. B. Arnold,* for defendant in error.

HAYES, J. This is an action of replevin begun in the district court of Adair county, by defendant in error against plaintiff in error for the recovery of certain personal property, and for damages for unlawful detention thereof. The action was begun in that court by defendant in error filing therein his petition, affidavit for replevin, and the bond, as required by law. Whereupon the clerk of the court issued an order of delivery and a summons to plaintiff in error. The order of delivery and summons were duly served on the 3d day of February, 1910. On the same day plaintiff in error executed a redelivery bond, which was duly approved by the sheriff, and the property described in the redelivery bond was returned to plaintiff in error. The cause was thereafter set down for trial on one of the days of the next regular term of said court; but plaintiff in error failed to file any answer or other pleading, and judgment by default was rendered. Thereafter he filed a motion to vacate the

judgment, because the service of summons had upon him was void, by reason of certain defects in the summons, which motion was by the court overruled.

It is sought to reverse the judgment of the trial court here upon the ground that it was without jurisdiction on account of the defective service; but, if it be conceded that the summons was so defective as to render the service void, still the trial court had jurisdiction to render judgment by default, for the execution by plaintiff in error of the redelivery bond, conditioned as the statute requires, constituted an entry of general appearance in the action and a waiver of any defects in the summons. *Fowler v. Fowler,* 15 Okla. 529, 82 Pac. 923.

It follows, therefore, that the judgment of the trial court should be affirmed; and it is so ordered.

TURNER, C. J., and WILLIAMS, KANE, and DUNN, JJ., concur.