## BISHOP-BABCOCK-BECKER CO. v. HYDE.

No. 8005—Opinion Filed Nov. 14, 1916.

(161 Pac. 172.)

### 1. Appearance—General Appearance—Giving Bond.

The giving of a bond by defendant to discharge a garnishment, conditioned to pay any judgment which may thereafter be rendered against defendant, constitutes a general appearance to the action, and converts it from an action in rem to one in personam.

## 2. Same.

Defendant executed a bond to discharge a garnishment, conditioned to pay any judgment which might be rendered against it, gave and filed a notice of the giving of such bond, and requested and obtained an order of court, discharging the garnishee. It also entered into and filed a stipulation between the plaintiff and defendant for additional time to answer. Held, that by these acts the defendant entered a general appearance to the action.

## 3. Corporations—Pleading — Amendment— Grounds.

Where a corporation is properly before the court to answer a petition which names it correctly, but wrongly alleges the state of its incorporation, an amendment of the petition so as to properly describe such corporation, already in court, is justified.

(Syllabus by Burford, C.)

Error from Superior Court, Muskogee county; H. C. Thurman, Judge.

Action by Homer C. Hyde against the Bishop-Babcock-Becker Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Franklin & Carey, for plaintiff in error.

Blakeney & Maxey, for defendant in error.

Opinion by BURFORD, C. Homer C. Hyde brought this action for damages for breach of warranty in the sale of a soda fountain. The defendant named in the title of the petition was "Bishop-Babcock-Becker Company, a corporation." The material allegations of the petition here in question were that:

"The defendant is a corporation duly incorporated under and by virtue of the laws of the state of Texas, that defendant is successor to the said L. A. Becker Company, accepting all liabilities of the said L. A. Becker Company."

The purchase of the fountain from L. A. Becker, the execution of the contract of purchase and warranty, the breach and damages resulting therefrom, are then alleged. Garnishment summons was issued to certain garnishees entitled against "Bishop-Babcock-Becker Company," and return was made on at least one of such summons, admitting liability to "Bishop-Babcock-Becker Company." A stipulation was then filed, to the effect that "defendant in the above entitled cause" might have ten additional days in which to answer. This was signed by attorneys for plaintiff and "Ralph P. Welch, Attorney for Defendant." Later the following answer was filed:

"Homer C. Hyde, Plaintiff, v. Bishop-Babcock-Becker Company, a Corporation, Defendant. Answer. Comes now the Bishop-Babcock-Becker Company, a corporation, of Texas, and for answer to the petition of plaintiff filed herein denies each and every material allegation therein contained. Bishop-Babcock-Becker Company, Ralph P. Welch, Attorney for Defendant."

Meanwhile a bond to discharge the garnishment, conditioned ."that we will, on demand, pay to said plaintiff the amount of said judgment in this action,. with all costs, not exceeding in any event the sum of $2,485," was executed and filed by "the Bishop-Babcock-Becker Company, E. T. Sargent, Asst. Treas.," and a surety. Notice was given by "attorneys for. defendant" and an order procured from the court, discharging the garnishees, which recited that it is made upon "application of the defendant for a discharge of the garnishees herein," and that it appeared to the court that "defendant has filed a bond in this cause according to law, * * * to discharge said attachment." The filing of the bond and making of this order were prior in time to the filing of the answer. Upon a trial upon these pleadings it appeared that there were two corporations of similar name: One "Bishop-Babcock-Becker Company," successor to L. A. Becker Company, having its principal office at Cleveland, Ohio, of which corporation one E. T. Sargent was assistant treasurer—the state of incorporation is not shown by the record, but in the briefs is assumed to be Ohio—the other "Bishop-Babcock-Becker Company, of Texas," the words "of Texas" being an integral part of the corporate name. This corporation had its principal office at Dallas, and is apparently conceded not to have been the successor of or liable for the debts or defaults of the L. A. Becker Company. E. T. Sargent is not shown to have had any official position with the Texas corporation. It was insisted at the trial that it was the Texas corporation which had appeared and filed its answer. There was no service of summons upon any one personally or by publication. It seems that Ralph P. Welch, the principal counsel, had corresponded about the case with both corporations, but had been referred to the Cleveland office of the Ohio corporation, and had received his instructions from the Ohio corporation and had been paid by it. At the trial plaintiff asked leave, obtained permission, and did amend his petition so as to recite that defendant was "a corporation known as the Bishop-Babcock-Becker Company, with its principal office and place of business in the city of Cleveland, Ohio, and who succeeded to the properties and business of L. A. Becker Company, and Bishop-Babcock Becker Company, and assumed all the debts and liabilities of each of said consolidated companies." Judgment was rendered against "Bishop-Babcock-Becker Com-

pany, a corporation, with its principal office at Cleveland, Ohio." The Ohio corporation later moved to set aside the judgment on the ground that it was void for lack of service upon or appearance by it in the action. This was heard and supported by testimony. Movant attempted to show that the garnishees owed the Texas, and not the Ohio. corporation, but as to the garnishee who answered, Evans Drug Company, the proof failed through lack of knowledge of the witness. The trial court denied the motion to vacate, and movant thereupon perfected its appeal to this court.

Two questions seem to be decisive of the cause: First, was there a general appearance by the Ohio corporation? Second, was it the corporation sued? The latter involving the question of whether or not the amendment above referred to was justified. We think both questions must be resolved in the affirmative. It must at all times be borne in mind that the two corporations did not have the same name. since it clearly appears that the words "of Texas" were part of the corporate name of the Texas corporation. Bearing this distinction in mind, it seems the suit was entitled against the "Bishop-Babcock-Becker Company," which was the Ohio corporation. The summons in garnishment was issued to ascertain if debts were due "Bishop-Babcock-Becker Company." That corporation executed the dissolving bond on the garnishment. This clearly, since the officer who signed its name was not an officer of the Texas corporation. That the Ohio corporation then considered itself the defendant must be taken from its action in giving the notice of the bond. since it is there recited that "defendant has this day filed a bond." So the "defendant" moved to discharge the garnishment. Only the name of the state of incorporation was wrongly stated in the petition. This was descriptive only, and is somewhat counteracted by the other descriptive allegation, to the effect that the corporation sued was the one which succeeded to the liabilities of the L. A. Becker Company, from whom the fountain was purchased. Very evidently the plaintiff intended to sue the Ohio corporation. Likewise evidently the Ohio corporation regarded itself as defendant, at least in the proceedings to discharge the garnishment. Did its acts constitute a general appearance to the action? In determining this question we leave out the effect of the answer. It is too ambiguous to justify its interpretation unless necessary. In it the words "of Texas" are apparently used descriptively and not as an integral part of the corporate name. The signature is that of the Ohio corporation, and

not that of the Texas company. It is plausibly insisted that it is the act of the Ohio and not the Texas corporation, since the attorney who signed it for the corporation is shown to have represented the Ohio, if not both the corporations. But, waiving this, there appear to be other acts, any one of which might, under proper circumstances, and all of which, taken together, clearly do constitute a general appearance. In the first place the stipulation to extend time and its filing in court and tacit acceptance by the court would, under many authorities, constitute a general appearance. See the cases cited in R. C. L. 229, 230, C. J. 344, 345, and Standard Ency. Prac. 495. Again, it appears that the Ohio corporation sought the action of the court upon a discharge of the garnishment. The jurisdiction of the court was thus not invoked upon a motion alone challenging that jurisdiction, but upon a motion calling for the exercise of jurisdiction. The rule in this state in this regard is stated and previous authorities cited in the late case of City Natl. Bank v. Sparks, 50 Okla. 648, 151 Pac. 225. Finally, the Ohio corporation made and executed the bond to discharge the garnishment. Section 4838. Rev. Laws 1910, provides in part:

"The defendant may, at any time after the garnishment affidavit is filed, and before judgment, file with the clerk of the court an undertaking, executed by at least two sureties, resident freeholders of the state, to the effect that they will, on demand, pay to the plaintiff the amount of the judgment which may be recovered against such defendant in the action, with all costs not exceeding a sum specified."

It is provided, in section 4839 following, that after the giving of such bond "all garnishees shall be discharged, and the garnishment proceedings (shall be) deemed discontinued."

It would seem under these statutes the giving of such a bond by "the defendant" must operate as a general appearance by him. Otherwise a very anomalous condition must result. Where such an action is started against a nonresident, as to whom personal service cannot be had, jurisdiction obtained through garnishment proceedings is solely in rem—against the property. Under the statute the giving of a discharging bond "discontinues" the garnishment proceedings. Unless, therefore, the giving of the bond operates as a general appearance, allowing the action to be continued in personam, the nonresident defendant, by giving the bond, could abate the action in rem, and, personal service being impossible, the plaintiff would be left with a cause of action but no means of en-

 xorcing it. This, we think, was hardly contemplated by the lawmakers. The giving of the bond must therefore operate as a general appearance to the action. Upon somewhat analogous statutes in regard to replevin it has been held by this court that the giving by the defendant of a bond to deliver the property replevied and pay all costs and damages that may be awarded against him operates as a general appearance in the action. Fowler v. Fowler, 15 Okla. 529, 82 Pac. 923; McCord-Collins Co. v. Dodson, 32 Okla. 561, 121 Pac. 1085; Ferguson v. McKee, 33 Okla. 332, 125 Pac. 458. So, too, in regard to attachment bonds, it was held as early as Barry v. Foyles, 1 Pet. 311-315, 7 L. Ed. 157, by Chief Justice Marshall, that the giving of a bond in discharge of the attachment, conditioned to pay the judgment if awarded, operated as a general appearance. In Butcher v. Cappon & Bertsch Co., 148 Mich. 552, 112 N. W. 110, 12 Ann. Cas. 169, it is said:

"The dissolution of the attachment by giving the statutory bond, to pay any judgment which may be recovered in the suit commenced by said writ of attachment, operated as an appearance, and converted the suit from an action in rem into an action in personam."

See, also, Winter v. Union Packing Co., 51 Or. 97, 93 Pac. 931, where the distinctions between a forthcoming and a discharging bond and the effect of filing same are considered and cases therein cited. See, also, 6 C. J. 336, 337, and 6 Cyc. 686, where many pertinent cases to like effect are cited.

Upon the particular question of filing a bond to discharge a garnishment, People v. Cameron, 2 Gilman (7 Ill.) 468, and Carpenter, Baggett & Co. v. Miller, 2 Ala. App. 373, 56 South, 845, appear to be in point, holding that the giving of a bond to discharge the garnishment and to pay any judgment awarded operates as a general appearance.

Irrespective, therefore, of the filing of the answer and prior thereto, the Ohio corporation whose officer executed the discharging bond, had entered a general appearance in this cause. We have, then, a case against a corporation, rightly named, with such corporation properly in the action and within the jurisdiction of the court, and the plaintiff seeking to amend his petition so as to properly describe the defendant company. It must be apparent that, where there are two corporations of the same name, incorporated in different states, and upon an allegation of incorporation in a certain state the corporation of that state is brought in by appearance or otherwise, the plaintiff could not, by amendment, change his allegation as to the state of incorporation, and justify a judgment against the other corporation of the same name, which had neither been summoned nor appeared. Thus a suit against the A Company of Texas, as to which that company alone appeared, could not, by amendment, be changed to a suit against the A Company of Ohio, and judgment rendered against such A Company of Ohio without process to or appearance by the latter company. But suppose, as here, the suit be against the A Company of Texas, and the A Company of Ohio is lawfully summoned to appear thereto. May not the pleader amend so as to properly describe the party already in court as defendant to his suit? We think so. Further, in the case at bar, the names of the corporations were not identical. It is simply a case of the pleader suing the Ohio corporation and with the Ohio corporation rightfully before the court then seeking, by amendment, to properly describe it. No case has been cited holding such an amendment not justified. On the other hand, cases of misnomer corrected by amendment are numerous in the books. We conclude, therefore, that the petition as properly amended was against the Ohio corporation, and that such corporation was within the jurisdiction of the trial court by general appearance, and that all the requisites of jurisdiction to render a judgment in the original cause were present.

The trial court, therefore, properly overruled the motion to set that judgment aside for lack of jurisdiction.

Judgment affirmed, with costs.

By the Court: It is so ordered.