## BELL OIL & GAS CO. v. FREEDOM OIL WORKS CO. (MISSOURI, KANSAS & T. R. CO., Intervener).

(District Court, E. D. Oklahoma. May 15, 1924.)

No. 4236.

1. **Appearance ⊗═9(7)—Giving of a forthcoming bond in attachment not a general appearance.**

The giving of a forthcoming bond by a defendant in attachment, under Comp. St. Okl. 1921, § 352, conditioned for delivery of the attached property to answer the judgment of the court, does not effect a discharge of the attachment, and does not operate as a general appearance.

2. **Corporations ⊗═670(3)—Under Oklahoma statute, court does not acquire jurisdiction by attachment of property of foreign corporation in another county.**

Under Comp. St. Okl. 1921, § 205, providing that an action may be brought against a foreign corporation "in any county in which there may be property of, or debts owing to, such defendant, or where such defendant may be found," the attachment of property of a foreign corporation on a writ issued to a county other than the one in which the action is brought does not give the court jurisdiction.

At Law. Action by the Bell Oil & Gas Company against the Freedom Oil Works Company; the Missouri, Kansas & Texas Railroad Company, intervening. On plea in abatement by defendant, appearing specially. Plea sustained.

J. P. O'Meara, of Tulsa, Okl., for plaintiff.

Biddison & Campbell, of Tulsa, Okl., for defendant.

M. D. Green, of Muskogee, Okl., for intervener.

WILLIAMS, District Judge. Defendant appeared specially and filed a plea in abatement on the ground that it was a foreign corporation, and had no property located in Tulsa county where this action was instituted. A writ of attachment having been issued, not only to the sheriff of Tulsa county, but also of Muskogee county, where the sheriff of that county levied on property in said county, the cause was removed to this court.

[1] Plaintiff insists that the defendant, by executing a redelivery or forthcoming bond in favor of the defendant as provided by section 352 of Compiled Oklahoma Statutes of 1921, entered its appearance, and waived the question of jurisdiction. Said section reads as follows:

"The sheriff shall deliver the property attached to the person in whose possession it was found, upon the execution, by such person, in the presence of the sheriff, of an undertaking to the plaintiff, * * * to the effect that the parties to the same are bound, in double the appraised value thereof, that the property, or its appraised value in money, shall be forthcoming to answer the judgment of the court in the action; but if it shall appear to the court that any part of said property has been lost or destroyed by unavoidable accident, the value thereof shall be remitted to the person so bound."

A bond running to the sheriff, instead of the plaintiff, executed under the same statute in Kansas, was held to be valid, and a recovery thereon to be had in an action in plaintiff's name. Johnson v. Weatherwax, 9 Kan. 75.

Section 332 of Compiled Oklahoma Statutes of 1921 is as follows:

"If, within twenty-four hours after service of the copy of the order, there is executed by one or more sufficient sureties of the defendant, to be approved by the sheriff, an undertaking to the plaintiff, in not less than double the amount of the value of the property as stated in the affidavit of the plaintiff, to the effect that the defendant will deliver the property to the plaintiff, if such delivery be adjudged, and will pay all costs and damages that may be awarded against him, the sheriff shall return the property to the defendant. If such undertaking be not given within twenty-four hours after service of the order, the sheriff shall deliver the property to the plaintiff."

In executing such a bond as is authorized in said section the defendant enters such an appearance as to waive issuance and service of summons. Fowler v. Fowler, 15 Okl. 529, 82 Pac. 923; Turner v. Dodson, 32 Okl. 566, 121 Pac. 1087; McCord-Collins Mercantile Co. v. Dodson, 32 Okl. 561, 121 Pac. 1085; Ferguson v. McKee, 33 Okl. 332, 125 Pac. 458.

Section 335, Comp. Okl. Stat. 1921, is as follows:

"In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession, or for the recovery of possession, or the value thereof in case a delivery cannot be had, and of damages for the detention. If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return cannot be had, and damages for taking and withholding the same."

A replevy or forthcoming bond, under sections 332 and 335, is in effect an undertaking to perform the judgment of the court as to the property seized or levied on under the writ of replevin. The only case cited in Fowler v. Fowler, supra, which is followed by the cases of Turner v. Dodson, McCord-Collins Merc. Co. v. Dodson, and Ferguson v. McKee, supra, is Cheatham v. Morrison, 37 S. C. 187, 15 S. E. 924, where the defendant in the replevy bond bound himself to plaintiff "for the delivery of the property to the plaintiff, if such delivery shall be adjudged, and for the payment of such sum as in this action for any cause be recovered against the defendant."

In Bishop-Babcock Co. v. Hyde, 61 Okl. 250, 161 Pac. 172, it is held that the giving of a bond by defendant to discharge a garnishment, conditioned to pay any such judgment which may thereafter be rendered against defendant, constitutes a general appearance to the action, and converts it from an action in rem to one in personam, and Winter v. Union Packing Co., 51 Or. 97, 93 Pac. 931, is cited as distinguishing between the difference in effect of a forthcoming and discharging bond.

Section 306, Bellinger & Cotton's Annotated Codes and Statutes of Oregon of 1901, which reads as follows:

"The sheriff may deliver any of the property attached to the defendant, or to any other person claiming it, upon his giving a written undertaking therefor, executed by two or more sufficient sureties, engaging to redeliver it or pay the value thereof to the sheriff, to whom execution upon a judgment obtained by the plaintiff in that action may be issued,"

—was under consideration in the Winter Case, where it was held that the execution of a forthcoming bond in attachment did not operate as an

appearance. In Kohn v. Hinshaw, 17 Or. 312, 20 Pac. 629, under said section 306, it was held that an undertaking by virtue of said statute was for the benefit of the plaintiff, who could maintain an action on such undertaking in his own name; he being the party for whose benefit such undertaking was executed and the real party in interest.

In a replevin action a defendant, by giving bond and obtaining a redelivery of the property, waives his right to object to the insufficiency of the proceedings taken by plaintiff to obtain the writ of replevin for the possession of same. 34 Cyc. 1460. A bond executed under section 383, to the effect that the defendant shall perform the judgment of the court, and by which the attachment is discharged and restitution made of any property levied upon, operates as a waiver on the part of the defendant to move for a dissolution of the attachment, and renders immaterial the question as to validity or even the existence of the grounds on which the attachment was issued. Moffitt et al. v. Garrett, 23 Okl. 398, 100 Pac. 533, 32 L. R. A. (N. S.) 401, 138 Am. St. Rep. 818. By the weight of authority the giving of a merely replevy or forthcoming bond in attachment proceedings does not operate as a general appearance. Winder v. Penniman, 181 N. C. 7, 105 S. E. 884, 13 A. L. R. 364; Hilton & Allen v. Consumers' Can Co., 103 Va. 255, 48 S. E. 899; Drake v. Lewis, 13 Ga. App. 276, 79 S. E. 167; Terminal Oil Mill Co. v. Planters' Warehouse Co., 197 Ala. 429, 73 South. 18; Holzman v. Martinez, 2 N. M. 271; Reynolds v. Marquette Circuit Judge, 125 Mich. 445, 84 N. W. 628; 4 C. J. p. 1331, par. 25, C.

In Richard v. Mooney, 39 Miss. 357, and Wilkinson v. Patterson, 6 How. (Miss.) 197, and in Peebles v. Weir, 60 Ala. 413, and Chastain v. Armstrong, 85 Ala. 215, 3 South. 788, it is held that execution of a replevy or forthcoming bond in attachment proceedings by a defendant is an admission of notice, and sufficient to sustain a judgment by default. However, in Terminal Oil Mill Company v. Planters' Warehouse & Gin Co., 197 Ala. 429, 73 South. 18, the Supreme Court of Alabama, without referring to the cases of Peebles v. Weir and Chastain v. Armstrong, said:

"Appellant is a foreign corporation. Suit was instituted against it in Alabama, by attaching some cotton seed. The attachment was dissolved, on the ground that the property was in custodia legis at the time of the levy. The defendant, however, had replevied the property before the attachment was dissolved. After the dissolution of the attachment, the defendant filed a plea to the jurisdiction of the court, which plea, on plaintiff's motion, was stricken on the ground that replevying the property was such an appearance as conferred jurisdiction and authorized a personal judgment. In this ruling the trial court erred. There was never any appearance, of record or in court, such as to confer jurisdiction to render a personal judgment. It is unnecessary to decide whether such judgment could have been rendered if the attachment had not been dissolved, but had been retained, and the property condemned to the satisfaction of the process, and the defendant had then failed to have it forthcoming in accordance with the terms of the bond. Of course, in that event, a judgment could have been entered on the bond, as forfeited according to its terms and the practice of our courts. No such case, however, ever arose, and, of course, none such is here presented for decision. Both the attachment and the bond were functus officio when the attachment was dissolved, and there was never any attempt to acquire jurisdiction by process other than that to subject the property; and there was certainly no personal appearance, voluntary or otherwise. The appearance

in court, and that to answer the process served on its property, were each limited and special, to prevent its property from being subjected; and as the court decided that its property could not be so subjected, its appearance for other purposes was at an end, and it declined to waive the court's lack of jurisdiction to render a personal judgment, as it had a right to do.

"If the defendant had entered into bond to satisfy all such judgments as might be rendered against the defendant, there would then be more force in the position that there was a consent to the jurisdiction, or a waiver of the right to object; but the condition of the bond was to return to the sheriff the property attached, within 30 days after the defendant failed in the attachment suit. Defendant succeeded in the attachment suit, and there never could be an occasion to return the property to the sheriff. The cases and text-books relied upon by plaintiff to justify the action of the trial court in striking the plea are not apt. In order for a defendant, who is a nonresident, to waive his right to object to the lack of jurisdiction, or consent to the court's exercising such jurisdiction as to his person, he must appear in court by agent or counsel and consent for the court to proceed, or in some way contest the plaintiff's right to a personal judgment, or must appear to have agreed to pay or satisfy such judgment if rendered. Here the defendant never appeared for any such purpose, never consented to any such judgment, and never even contested the plaintiff's right to such judgment, until the court had stricken its plea to the jurisdiction. Resisting the judgment thereafter was compulsory, and not voluntary, and hence was not a waiver of its right to object, nor a consent to the jurisdiction."

[2] Section 205, Oklahoma Compiled Statutes 1921, provides that an action may be brought against a foreign corporation and nonresident "in any county in which there may be property of, or debts owing to, such defendant; or where such defendant may be found." Under section 347, as was done in this case, orders of attachment may be issued to the sheriffs of different counties, but such is not permitted in cases of writs of replevin. The sheriff of Tulsa county, in which this action originated, returned the writ "No property found"; but the sheriff of Muskogee county, to whom a writ had been directed, returned the writ, showing a levy and a forthcoming bond executed.

In a replevy action the issue covered by the bond is as to the right of the plaintiff to recover possession of specific chattels, seized or levied upon under the writ, running against the party in possession, and the property having been returned by the sheriff to the defendant under such bond, the judgment when rendered should be for such specific chattels as may be recoverable by plaintiff or the value of each, and damages, if any, and costs. Under section 340, in a civil action for the recovery of money at or after the commencement thereof, an attachment against the property of the defendant may issue upon certain designated grounds.

To hold that a forthcoming bond in attachment given by a nonresident or foreign corporation defendant for the delivery of the property seized under the writ of attachment against such defendant nonresident or foreign corporation defendant, such property to be held by such defendant pending the final determination of the attachment proceedings as bailee of the sheriff or marshal and thereby in custodia legis, operates as a general appearance on the part of such nonresident or foreign corporation defendant, and converted the action in rem to one in personam, and prevented such defendant from questioning the jurisdiction of the court, would neither be justified by reason nor supported by the weight of authority. In such case the nonresident or foreign

corporation defendant would be given the alternative of being denied the right to release the attached property by means of a redelivery or forthcoming bond or of submitting himself or itself to the jurisdiction of the court without the privilege of interposing a plea in abatement or by proper plea raising the question of venue in the attachment proceeding. The property levied upon might be of small value as compared with the amount sued for in the action upon which the writ of attachment issued. If the principle contended for be sound, the penalty for the release of the attached property to such nonresident or foreign corporation defendant by the execution of a forthcomnig or redelivery bond would be submission to the jurisdiction of the court and converting the action in rem to one in personam.

The plea in abatement will be sustained.